## H. H. WILCOX v. SEYMOUR L. BYINGTON.

1. SECURITY FOR COSTS; *Abuse of Discretion.* If the court abuses its discretion in not requiring a non-resident plaintiff, upon the motion of the defendant, to give additional security for costs, a judgment rendered in his favor will not be reversed solely for such error, because, after judgment, the defendant has no ground of complaint, as he is liable for all the costs embraced in the judgment rendered against him.

2. ———; *Immaterial Errors.* The supreme court will not reverse a judgment of the district court for errors which are wholly immaterial.

3. FINDINGS; *Request, Too Late.* Where, in an action tried by the court without a jury, the judgment is rendered on March 30, 1885, and the

motion for a new trial is not argued and decided until April 25, 1885, and no request or intimation is given to the court by either party that it is desirable that the court should state its conclusions of fact and law separately in writing before it announces its findings, and not until the motion for a new trial is overruled and final judgment entered, *held*, that the request is made too late, and the court commits no error in refusing, upon a request made at such time, to state in writing its findings.

### *Error from Shawnee District Court.*

ACTION brought by *Seymour L. Byington* against *H. H. Wilcox*, upon a written lease, to recover the sum of $1,000. The lease, with the indorsements thereon, is as follows:

"TOPEKA, KANSAS, Dec. 28, 1868.—I, Legrand Byington, of Johnston county, Iowa, have leased to H. H. Wilcox the stone house, well, cistern and privy, on lots numbered 47 and 49, on Quincy street, in Crane's addition to Topeka, for a period of four months from this date, with the privilege of eight months in addition, should I not in four months elect to occupy the same; and Wilcox agrees to keep the same in repairs, to pay the taxes for 1869, if his occupancy is for a year, and to pay thirty dollars per month, in monthly indorsements of payments, on my promissory notes for purchase-money held by him.

"Said Wilcox further stipulates that in an emergency I may occupy two stalls of his stable by a team of horses, free, and to keep his fences around the balance of the half-block in such repair as will protect the shrubbery which may be placed upon the aforesaid lots 47 and 49.

|                 |                         |
|-----------------|-------------------------|
|                 | LEGRAND BYINGTON,       |
| Dec. 28, 1868.  | HARVEY H. WILCOX.       |

INDORSEMENTS.

"DECEMBER 28, 1869.—The within lease renewed from month to month until a sale of the two lots on which the house stands shall be effected; not to run more than twelve months without renewal.—LEGRAND BYINGTON.

"DECEMBER 28, 1870.—Renewed for another year, the property subject to sale by Wilcox for a commission agreed on.—LEGRAND BYINGTON, Guardian.

"DECEMBER 28, 1871.—Renewed as above for another year, subject to sale by Wilcox as above for a commission of sale of two and one-half per cent.—LEGRAND BYINGTON, Guardian.

"November 23, 1870.—Having conveyed the within property by deed to Seymour L. Byington, I assign this lease to him, to receive all rents therein secured, after full payment of said note held by Wilcox.—Legrand Byington."

Byington gave bond for costs, with George W. Reed as surety, on March 3, 1884. On May 10, 1885, Wilcox made affidavit that Seymour L. Byington was a non-resident, and that George W. Reed, the surety, was wholly insolvent, and thereupon moved the court to require additional security. This motion was overruled. Trial had before the court without a jury. The court rendered judgment in favor of the plaintiff for $401.50 and costs. The defendant excepted, and brings the case here.

*Frank Herald*, for plaintiff in error.

*Quinton & Quinton*, for defendant in error.

The opinion of the court was delivered by

Horton, C. J.: All of the alleged errors in this case are trivial and unimportant. If the motion for additional security for costs ought to have been allowed, this is not a sufficient ground for a reversal of the judgment, as it appears the plaintiff below was successful upon his claim against the defendant below, the party making the motion. The officers interested in the costs seem to be satisfied with the action of the court in overruling the motion for other security. As the defendant is liable for all the costs included in the judgment rendered against him, he is in no condition to make any complaint, nor have any of his rights been prejudiced by the ruling. The lease was properly introduced in evidence, and there was no material error in the introduction of the renewals entered thereon, because, although the defendant in the court below had no knowledge of such renewals, as long as he retained possession or control of the premises he must be considered to have held under the lease.

Legrand Byington had the right to sell and transfer the written lease to his son, Seymour L. Byington, although he

was a minor. The written statement made by Legrand By-
ington in 1873, and the letter of Bradford Miller of February
3, 1873, were improperly admitted in evidence; but these
errors are immaterial, as both Byington and Miller testified
of their own recollection of the amounts severally stated by
them. Byington figured up the amount of rent due from Wil-
cox from 1868 up to 1873. Miller testified that the amounts
mentioned in his letter were paid by him for rent to Wilcox.
The case was submitted to the court without a jury, and
therefore the introduction of these immaterial papers were
less likely to cause any prejudice.

The refusal of the court to state its findings of fact in
writing, was not, under the circumstances of this case, error.
Judgment was rendered March 30, 1885. The motion for a
new trial was filed the same day, but not argued until April
25, 1885. On that day the motion was overruled. The de-
fendant below never made any request to the court to state its
conclusions of fact and of law, until after his motion had been
overruled; then it was too late. The request should have
been made before the court announced its findings. It is the
general rule of practice for the parties to request the court,
either just before or at the close of the argument made in the
case, to state its findings in writing. Clearly, the request
should be made before the final decision of the court. We do
not think the statute contemplates that a party to an ac-
tion may wait until the trial is ended, the final judgment
rendered, and his motion for a new trial overruled, before in-
timating to the court that he desires the conclusions of fact and
of law stated in writing. (Civil Code, § 290; *Greene v. Wil-
liamson*, 21 Kas. 68.) In this case, the trial court undoubtedly
would have found specially, and would have stated in writing
all of its findings, if the slightest intimation had been given
before the final decision, that such a thing was desired.

The claim that the action was barred by the statute of limi-
tations is not tenable. The lease was sold and assigned by
Legrand Byington to Seymour L. Byington, on November
23, 1870. Seymour L. Byington was then a minor, and he

commenced this action on December 17, 1883, within one year after he became of age. (Civil Code, §17.)

An examination of the evidence and judgment does not satisfy us that the assessment of the amount recovered is too large. The omission of the clerk of the court to include the amount of the costs in the judgment as recorded is not a ground for setting the same aside. "The judgment will certainly authorize a correct taxation of the costs. If, however, the clerk should tax them erroneously, the court below will undoubtedly correct the taxation on motion." (*Linton v. Housh*, 4 Kas. 536, 541; *Clippinger v. Ingram*, 17 id. 585.)

The judgment of the district court will be affirmed.

All the Justices concurring.