# ST. LOUIS AND SAN FRANCISCO RAILWAY COM-PANY *v.* McBRIDE

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF ARKANSAS.

No. 1712. Submitted May 11, 1891. — Decided May 25, 1891.

The only question open in a case brought up under the act of February 25, 1889, 25 Stat. 693, c. 236, where the judgment does not exceed $5000, is the question of jurisdiction of the court below.

In the Indian Territory a right of action survives against a railroad company inflicting injuries upon a passenger which result in death.

When a defendant sued in a Circuit Court of the United States appears and pleads to the merits, he waives any right to challenge thereafter the jurisdiction of the court on the ground that the suit has been brought in the wrong district.

THE case is stated in the opinion.

*Mr. George R. Peck, Mr. E. D. Kenna, Mr. A. T. Britton* and *Mr. A. B. Browne* for plaintiff in error.

*Mr. A. H. Garland* for defendants in error.

MR. JUSTICE BREWER delivered the opinion of the court.

This was an action commenced by the filing of a complaint on September 19, 1890, in the Circuit Court of the United States for the Western District of Arkansas. The defendants in error were plaintiffs below. They alleged that they were respectively the widow and children of James A. McBride, deceased, and his next of kin and heirs at law, and that there were no personal representatives of the said deceased. They further alleged that they were citizens and residents of the Western District of Arkansas; that the railway defendant was a corporation and citizen of the State of Missouri, doing business in the State of Arkansas and the Indian Territory, owning, maintaining and operating a line of railway through said States and Territory; that on the 20th day of July, 1890,

the deceased, James A. McBride, was in the employ of defendant; and that on that day, and in the Indian Territory, while at work as a brakeman on a freight train, he was, through the negligence of said defendant, so injured that on the 22d day of July he died. The complaint further disclosed the circumstances under which the accident occurred; alleged the dependence of the plaintiffs upon the deceased for support: and prayed judgment for twenty thousand dollars damages.

The record contains no process, or service thereof. On the 4th day of November, 1890, the defendant filed a demurrer, on three grounds, as follows: "1st. Because the court has no jurisdiction of the person of the defendant. 2d. Because the court has no jurisdiction of the subject matter of the action. 3d. Because the complaint does not state facts sufficient to constitute a cause of action." This demurrer was overruled; and in January, 1891, a trial was had, resulting in a verdict for plaintiffs in the sum of four thousand dollars. No answer appears in the record, though it is proper to say that counsel for defendants in error, in their brief, state that service of process was made upon the defendant by delivering a copy to its station agent at Fort Smith, Arkansas; and that an answer was filed denying the defendant's negligence, and setting up also contributory negligence on the part of the deceased, but not denying any of the allegations in respect to the citizenship and residence of the parties. The fact of an answer seems also to be implied from the record of the trial, which recites that "after all the evidence had been introduced by both parties to maintain their respective issues, etc." Judgment was entered on the verdict for the sum of four thousand dollars, and of this judgment plaintiff in error complains.

As the judgment did not exceed five thousand dollars, the case can only come to this court on the question of the jurisdiction of the Circuit Court. 25 Stat. 693, c. 236; *McCormick Harvesting Machine Co.* v. *Walthers*, 134 U. S. 41.

The action was one to recover money, the sum claimed being in excess of two thousand dollars, and was between citizens of different States, and was brought in the district and State of the residence of the plaintiffs. It was a case, therefore,

within the general jurisdiction of the Circuit Courts of the United States, under section 1 of chapter 866, 25 Stat. 433; and if the jurisdiction was founded only on the fact that the action was between citizens of different States it was brought in the Circuit Court of a proper district.

The contention of plaintiff in error is, that the jurisdiction is not founded only on the matter of diverse citizenship, but that it is an action based upon a statute of the United States, and to enforce a right given solely by such statute, and is therefore one which must be brought in the district of which the defendant was an inhabitant. Its contention goes further than this. It insists that under a proper construction of the United States statutes there was no cause of action existing in favor of the plaintiffs. It will be observed that the action is one to recover damages for the wrongful acts of defendant, in causing the death of the husband and father of the respective plaintiffs. Such an action did not survive at common law. The wrongful acts of defendant were done in the Indian Territory. On May 2, 1890, an act was passed by Congress with respect to the Territory of Oklahoma and the Indian Territory. Act of May 2, 1890, 26 Stat. 81, c. 182. The 31st section extended over the Indian Territory the provisions of certain specified statutes of Arkansas, among them one chapter relating to "pleadings and practice, chapter 119;" and in that chapter, by sections 5225 and 5226, it is provided that in case of injuries causing death, a right of action survives, the statute being substantially like that now in force in most States of the Union. The plaintiff in error contends that the effect of the act of Congress extending this chapter over the Indian Territory was not to put in force therein all its sections, but only those relating to pleadings and practice; and that, therefore, there being no other law than the common law in force in the Indian Territory, the complaint stated no cause of action. And further, as heretofore stated, that, if those sections in respect to the surviving of actions were extended to the Territory, the action was founded on the statute of the United States alone, and such an action must be brought in the district of which the defendant is an inhabitant.

The first of these questions is not open to inquiry in this case. The complaint making no reference to the Federal statute, alleges wrongful acts on the part of the defendant, and prays to recover damages therefor. Whether upon those facts the plaintiffs are entitled to recover is not a matter of jurisdiction, but one of the merits of the controversy. Suppose in a State where there is no statute providing for the surviving of such an action a suit is brought by the widow and children of a deceased person, alleging that his death was caused by the wrongful act of the defendant, and the defendant having been served with process enters its appearance and denies all liability, and the trial court improperly holds that there was liability and renders judgment for damages, is there anything other than a matter of erroneous ruling upon the merits? Could it be held that the court had no jurisdiction, no right to hear and determine the controversy between the parties? So, here, whether there was or was not a statute in force in the Indian Territory, providing that an action should survive in case of death, and whether upon the facts stated in the complaint the plaintiffs had a cause of action against the defendant, were questions entering into the merits of the controversy, and not matters affecting the jurisdiction of the court. If it had jurisdiction of the parties, it had the right to inquire and determine whether upon those facts the plaintiffs were entitled to judgment.

Neither can the other contention of plaintiff in error be sustained. Assuming that service of process was made, although the record contains no evidence thereof, and that the defendant did not voluntarily appear, its first appearance was, not to raise the question of jurisdiction alone, but also that of the merits of the case. Its demurrer, as appears, was based on three grounds: Two referring to the question of jurisdiction, and the third, that the complaint did not state facts sufficient to constitute a cause of action. There was, therefore, in the first instance, a general appearance to the merits. If the case was one of which the court could take jurisdiction, such an appearance waives not only all defects in the service, but all special privileges of the defendant in respect to the particular court in which the action is brought.

The first part of section 1 of the act of 1887, as amended in 1888, gives, generally, to the Circuit Courts of the United States jurisdiction of controversies between citizens of different States where the matter in dispute exceeds the sum of two thousand dollars exclusive of interest and costs. Such a controversy was presented in this complaint. It was, therefore, a controversy of which the Circuit Courts of the United States have jurisdiction. Assume that it is true, as defendant alleges, that this is not a case in which jurisdiction is founded only on the fact that the controversy is between .citizens of different States, but that it comes within the scope of that other clause, which provides that "no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant," still the right to insist upon suit only in the one district is a personal privilege which he may waive, and he does waive it by pleading to the merits. In *Ex parte Schollenberger*, 96 U. S. 369, 378, Chief Justice Waite said: "The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive." The judiciary act of 1789, § 11, 1 Stat. 79, besides giving general jurisdiction to Circuit Courts over suits between citizens of different States, further provided, generally, that no civil suit should be brought before either of said courts, against an inhabitant of the United States, by any original process, in any other district than that of which he was an inhabitant, or in which he should be found. In the case of *Toland* v. *Sprague*, 12 Pet. 300, 330, it appeared that the defendant was not an inhabitant of the State in which the suit was brought, nor found therein. In that case the court observed : "It appears that the party appeared and pleaded to issue. Now, if the case were one of a want of jurisdiction in the court, it would not, according to well-established principles, be competent for the parties by any acts of theirs to give it. But that is not the case. The court had jurisdiction over the parties and the matter in dispute ; the objection was that the party defendant,

not being an inhabitant of Pennsylvania, nor found therein, personal process could not reach him. . . . Now, this was a personal privilege or exemption, which it was competent for the party to waive. The cases of *Pollard* v. *Dwight*, 4 Cranch, 421, and *Barry* v. *Foyles*, 1 Pet. 311, are decisive to show that, after appearance and plea, the case stands as if the suit were brought in the usual manner. And the first of these cases proves that exemption from liability to process, and that in case of foreign attachment, too, is a personal privilege, which may be waived, and that appearing and pleading will produce that waiver." In *Lexington* v. *Butler*, 14 Wall. 282, the jurisdiction of the Circuit Court over a controversy between citizens of different States was sustained in a case removed from the state court, although it was conceded that the suit could not have been commenced in the first instance in the Circuit Court. See also *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81.

Without multiplying authorities on this question, it is obvious that the party who in the first instance appears and pleads to the merits waives any right to challenge thereafter the jurisdiction of the court on the ground that the suit has been brought in the wrong district. *Charlotte Nat. Bank* v. *Morgan*, 132 U. S. 141; *Fitzgerald Construction Co.* v. *Fitzgerald*, 137 U. S. 98.

It follows from these considerations that the Circuit Court had jurisdiction; and, as that is the only question before us, the judgment must be

*Affirmed.*