CENTRAL TRUST CO. OF NEW YORK v. VIRGINIA, T. & C. STEEL & IRON CO.

(Circuit Court, W. D. Virginia.  May 11, 1893.)

1. CONSOLIDATION OF CAUSES—SUITS FOR APPOINTMENT OF RECEIVERS—DEPENDENT CORPORATIONS.

The C. Trust Co. filed a bill in the circuit court alleging the insolvency of the V. Iron Co., as evidenced by a judgment by confession on which execution had been returned nulla bona. By consent, a receiver was appointed. On the same day two other bills were filed,—one by the C. Trust Co. against the S. A. Railroad Co.; and the other by the V. Iron Co. against the B. Land Co.,—alleging the insolvency of the defendant companies, as evidenced by judgments by confession and executions returned nulla bona. By consent, receivers were appointed. Afterwards a petition by stockholders of the Iron Co. and one B., who claimed to be the "valid receiver" of the three corporations under an order of a state court, was filed, asking that they be made parties to the suits in the federal courts, and that the several causes be consolidated, and heard together. The petition alleged that the Iron Co. was the main corporation; that the S. A. Railroad Co. and the Land Co. were branches created by a diversion of the property of the Iron Co.; that practically they were all one corporation; that the judgments were confessed without authority, and were fraudulent and collusive; that the appointment of receivers by the federal courts was obtained by misrepresentation, fraud, and collusion. The allegations of the petition were denied under oath by the Trust Co., the insolvent corporations, and the receivers. *Held*, that the causes could not properly be consolidated, the interests involved in the several suits having reference to distinct corporations, so far as appeared on the face of the record.

2. JURISDICTION—DIVERSITY OF CITIZENSHIP—RESIDENCE OF CORPORATION.

A bill was filed in the circuit court for the western district of Virginia, alleging that complainant was a corporation created by the laws of New York, and that the defendant was a corporation created by the laws of New Jersey, and a citizen and resident of that state, having a principal place of business at Bristol, Va., in said district. *Held*, that the court had not jurisdiction of the suit by reason of the diversity of citizenship of the parties, neither of them being a resident of the district, as required by the acts of congress of March 3, 1887, and August 13, 1888.

3. SAME—CONSENT—WAIVER OF OBJECTION.

The requirement that one of the parties shall be a citizen of the state in which the suit is brought (Acts March 3, 1887, and August 13, 1888) cannot be waived by consent, or by appearing and pleading to the merits, although the parties are corporations organized under the laws of different states, and one of them has its principal place of business in the state and district where suit is brought.

In Equity.

Statement by PAUL, District Judge:

This is a suit in equity, brought by the complainant company, the Central Trust Company of New York, a corporation created by and existing under the laws of the state of New York, and a citizen and resident of said state of New York, against the defendant company, the Virginia, Tennessee & Carolina Steel & Iron Company, a corporation created by and existing under the laws of the state of New Jersey, and a citizen and resident of said state of New Jersey.

On the 8th day of August, 1892, the complainant company presented its bill to Hon. Hugh L. Bond, circuit judge of this court, praying for the appointment of a receiver to take charge of the lands and all other assets of the defendant company. It alleged the insolvency of the defendant company, as evidenced by a judgment obtained against it on the same day in this court,

on its law side, at Abingdon, by confession, on which judgment an execution had issued on the same day, and been returned on the same day nulla bona. The defendant company appeared by its president, John C. Haskell, and consented to the appointment of a receiver, and thereupon Judge Bond made an order appointing said John C. Haskell and D. H. Conklin receivers of said defendant company.

On the same day two other bills were presented to Judge Bond in suits styled as follows, to wit: "The Central Trust Company of New York v. The So. Atlantic & Ohio Railroad Co. In equity;" and "The Va., Tenn. & Car. Steel and Iron Co. v. The Bristol Land Company. In equity." In each of said bills the complainant company alleged the insolvency of the defendant company, as evidenced by a judgment obtained against it on the same day in this court, on its law side, at Abingdon, by confession; on which judgment an execution had issued on the same day, and been returned on the same day nulla bona. In the first-named of these two suits the defendant company appeared by its vice president, John C. Haskell, and consented that a receiver should be appointed, and in the last-named the defendant company appeared by its president, John C. Haskell, and consented that a receiver should be appointed; and thereupon Judge Bond appointed said John C. Haskell and D. H. Conklin receivers of each of said defendant companies, respectively.

On the 19th day of October, 1892, a petition was presented to this court by William McGeorge and others, claiming to be stockholders and creditors of the Virginia, Tennessee & Carolina Steel & Iron Company, and John M. Bailey, claiming to be "the valid receiver" of the corporations named by virtue of an order made by Hon. D. W. Bolen, judge of the fifteenth judicial circuit of Virginia, in vacation, on the 6th day of August, 1890, asking that they be made parties, complainants or defendants, as the court in its discretion might determine, and asking that the several causes named be consolidated, and heard together. In said petition it is alleged that the Virginia, Tennessee & Carolina Steel & Iron Company is the main and substantial company of the companies named; that the other companies, the South Atlantic & Ohio Railroad Company and the Bristol Land Company, are mere offshoots or dependent corporations, created and built up by a diversion of the property and assets of the Virginia, Tennessee & Carolina Steel & Iron Company for such purpose; that practically they are all one company. And the petition further alleges that the several confessions of judgment, referred to as having been made on the 8th day of August, 1892, in this court, on its law side, at Abingdon, were made by a person who had no power or authority to make such confessions of judgment; that said judgments were procured by fraud and collusion between the representatives, respectively, of the complainant and defendant companies; and that the orders awarded by Judge Bond appointing receivers for each of said defendant companies were obtained by misrepresentation, fraud, and collusion by and between said representatives of the complainant and defendant companies, respectively.

The said petition also alleges that in the cause of the Central Trust Company of New York v. the Virginia, Tennessee & Carolina Steel & Iron Company the court is without jurisdiction, the complainant company being a corporation created by and existing under the laws of the state of New York, and a citizen and resident of the state of New York, and the defendant company a corporation created by and existing under the laws of the state of New Jersey, and a citizen and resident of said state of New Jersey. The said petition was filed by leave of the court, and a rule awarded returnable at Harrisonburg on the 6th day of December, 1892.

The complainant company, the Central Trust Company of New York, has filed an elaborate answer to said petition, denying under oath all the material allegations therein. The defendant company, the Virginia, Tennessee & Carolina Steel & Iron Company, also has filed its separate answer to said petition, denying under oath all the material allegations therein; denying that the funds and assets of the Virginia, Tennessee & Carolina Steel & Iron Company have been diverted and used in the interests of the other corporations named; that there has been any intermingling or confusion of the assets

of the several corporations in question, but asserting that they are several, distinct, and independent corporations; that their officers are different, and that the business of the said several companies has been carried on separately and distinctly. The other two defendant companies, the South Atlantic & Ohio Railroad Company and the Bristol Land Company, also John C. Haskell and D. H. Conklin, have also filed their separate answers to said petition, and adopt as the greater part of their answers the answer of the Virginia, Tennessee & Carolina Steel & Iron Company.

R. A. Ayres, J. B. Richmond, Adrian H. Joline, and Henry W. Calhoun, (Butler, Hillman & Hubbard and Henry Crawford, on the brief,) for complainant.

Blair & Blair and A. H. Blanchard, (Richard C. Dale and Geo. H. Towle, on the brief,) for petitioner.

PAUL, District Judge, (after stating the facts as above.)   The foregoing statement of the facts presents the questions involved in such a confused and unsatisfactory condition as to require the court to separate the several matters at issue, and consider them in their respective relations to the several causes.   The causes are certainly not such, in their present condition, as can be consolidated and heard together.   The interests involved in the several suits pertain to separate and distinct corporations, as far as the same appear from the record.   The parties are different. The complainant in one of the causes appears as defendant in another of the causes; and the complainant in the two other causes brings suits against separate and distinct defendants in each of said causes.   It is true that the petitioners for intervention have asked the court to consolidate all these causes and hear them together, and in the pleadings the counsel for said petitioners seem to have assumed that the causes have been consolidated. But this is anticipating the court, and is an assumption, in advance of the court's consideration of the question, that the court would decide as requested.   In the condition of the record, and in view of the weight of authorities on the question, the court must decline to consolidate these causes, because it does not appear to the court that it would be reasonable to do so.   Rev. St. U. S. § 921; Conk. Treatise, (5th Ed.) 385.

The cause of the Central Trust Company of New York v. the Virginia, Tennessee & Carolina Steel & Iron Company being the only one of these causes in which a full and elaborate answer has been filed, the court will proceed to consider that cause; and in doing so will treat the petition of William McGeorge and others as the answer of codefendants, in which character said William McGeorge and others, who have filed said petition, will be hereafter regarded.   In the other causes the petitioners will be allowed to file amended petitions, if they so desire, showing to the court what interest, if any, they have in said causes.

The first question presented in the cause of the Central Trust Company of New York v. the Virginia, Tennessee & Carolina Steel & Iron Company is the question of jurisdiction, and, as will appear hereinafter, this is the only question which it will be necessary to consider.   The complainant company in this cause alleges

in its bill that it is a corporation created by and existing under the laws of the state of New York, and is a citizen and resident of said state of New York; and that the defendant company is a corporation created by and existing under the laws of the state of New Jersey, and is a citizen and resident of said state of New Jersey, and has a principal place of business and does business and owns property at Bristol and elsewhere in the state of Virginia, and in the western district of Virginia. It therefore appears upon the face of the record that neither the complainant company nor the defendant company is a citizen of the state of Virginia, and the alleged fact that the defendant company has a principal place of business and does business and owns property in the state of Virginia does not affect this condition of the cause. Chapter 137, § 5, 18 U. S. Stat., reads as follows:

"Sec. 5. That if, in any suit commenced in a circuit court or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit, * * * and shall make such order as to costs as shall be just."

And the supreme court has said:

"Where the record does not show a case within the jurisdiction of a circuit court, this court will take notice of the fact, although no question of jurisdiction had been raised by the parties." Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. Rep. 207.

The jurisdictional question is also directly raised in the petition of William McGeorge and others, which petition is now treated as an answer of codefendants, and was directly presented by said codefendants at the first opportunity they had to do so. The act of congress approved March 3, 1887, as corrected August 13, 1888, determining the jurisdiction of the circuit court, provides that "when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." This brief statement of the law as to where suits must be brought between citizens of different states in the circuit courts of the United States would seem to settle the question of jurisdiction in this cause.

But counsel for the complainant company contend that, while this is the statutory provision, yet it may be waived, and that it has been waived in this cause, by the voluntary appearance of the defendant company, and its confession of judgment on the law side of this court, and by its appearing and consenting to the appointment of a receiver. The court thinks that this view might possibly be correct in a cause wherein the defendant voluntarily appears and pleads to the merits of the cause, provided the cause be one in which there is a controversy between citizens of different states, and the suit is brought in the state of which either the plaintiff or the defendant is a citizen, but in a district of such

state other than that of which either the plaintiff or the defendant is a resident. Whenever the requisite citizenship exists,—that is to say, in any cause in which either the plaintiff or the defendant is a citizen of the state in which the suit is brought, and the adverse party is a citizen of another state,—the constitutional and statutory foundation on which the jurisdiction of the circuit courts of the United States must be based has been established, and, that being done, the privilege of being sued, in such a cause, in the district of the state of which the defendant is a citizen, is one which the defendant might waive by voluntarily appearing and pleading to the merits of the controversy; for in such a cause the jurisdiction of the court exists by provision of constitutional and statutory law, and nothing that either party to the suit could do could either give or take away that jurisdiction. The error of the counsel for the complainant company in this cause consists in ignoring the constitutional and statutory provision that the requisite citizenship must exist in order to confer jurisdiction on the court.

A careful examination of the cases cited by the counsel for the complainant company will make this clear. The first case cited is that of Gracie v. Palmer, 8 Wheat. 699. This was a controversy, not between citizens of different states, but between a citizen of one of the states and an alien, a subject of Great Britain; and the reasoning of the court in that case, maintaining the jurisdiction of the circuit court of the United States, is in no wise applicable to this cause. The second case cited is Ex parte Schollenberger, 96 U. S. 377. In this case the requisite citizenship existed to confer jurisdiction on the circuit court of the United States for the eastern district of Pennsylvania. It was a suit brought by a citizen of the state of Pennsylvania against a foreign insurance company doing business in that state. The next cases cited are those of Lexington v. Butler, 14 Wall. 282, and Claflin v. Insurance Co., 110 U. S. 81, 3 Sup. Ct. Rep. 507. These were cases of removal of suits from a state court to the circuit court of the United States for the district of the state in which said suits were originally brought. The law as declared in the latter of these cases applies to both, and is conclusive of the questions raised therein. It is that the restrictions upon an assignee as to bringing a suit originally in a circuit court of the United States do not apply to his right to have his suit removed into such court from a state court in which it had been originally brought. The court does not see the bearing of these cases upon the question under consideration. The next case cited is that of Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. Rep. 982. In this case the requisite citizenship of the parties was established to give the circuit court of the United States for the western district of Arkansas jurisdiction. It was a controversy between citizens of the state of Arkansas and a railway company, citizen of the state of Missouri, and the suit was brought in the state of which one of the parties was a citizen. Justice Brewer, in rendering the decision of the supreme court, described the action as "one to recover money, the sum claimed being in excess of $2,000, and was between citizens of different states, and was brought in

the district and state of the residence of the plaintiff. It was therefore within the general jurisdiction of the circuit courts of the United States, under section 1, c. 866, 25 Stat. 433; and, if the jurisdiction was founded only on the fact that the action was between citizens of different states, it was brought in a circuit court of a proper district." So the cases cited do not sustain the views of the counsel for the complainant company.

The provisions of the statute under consideration have recently been before the supreme court, namely, in the case of Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935, in which Justice Gray, speaking for the court, stated that "the single question in this case is whether, under the act of March 3, 1887, c. 373, § 1, as corrected by the act of August 13, 1888, c. 866, * * * a corporation incorporated in one state of the Union, and having a usual place of business in another state, in which it has not been incorporated, may be sued in a circuit court of the United States held in the latter state, by a citizen of a different state." And the supreme court in that case decided that question in the negative. In the case of Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. Rep. 44, the doctrine laid down in the former case is reaffirmed. But counsel for the complainant company further contend that, although the statute says: "Where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought in the district of the residence of either the plaintiff or the defendant,"—yet, notwithstanding this statutory provision, parties residing in any two different states, respectively, may, by consent, sue or be sued in a United States circuit court held in any other state, such state not being a state of which either the plaintiff or the defendant is a citizen. As has been said by the supreme court: "It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case. If this were once conceded, the federal courts would become the common resort of persons who have no right, either under the constitution or the laws of the United States, to litigate in those courts." Bank v. Calhoun, 102 U. S. 260. In order to give the court jurisdiction it is essential that a controversy should exist between a citizen of another state and a citizen of the state in which the suit is brought. This does not appear to be so in this suit, and the court is therefore clearly of opinion that it has no jurisdiction in this cause. It appears that the order appointing receivers in this cause was improvidently awarded for want of jurisdiction by the court, and must be vacated; the receivers must be discharged; and the suit must be dismissed, at the cost of the complainant company.