## UNITED STATES FIDELITY & GUARANTY CO. v. JAEGER MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1924. Rehearing Denied December 1, 1924.)

No. 6520.

1. **Courts** ☞352—Request for fact findings and declarations of law, made after decision of court, cannot be considered on appeal under decisions of Kansas courts.

Kansas courts having held that request for findings of fact and declarations of law must be made before court announces its decision, and this being matter of procedure, and no federal question being involved, federal courts under Conformity Act (Comp. St. § 1537) will not consider question raised by such request made after trial court's decision.

2. **Appeal and error** ☞1008(2)—Trial court's finding supported by evidence conclusive on appeal.

Trial court's finding of fact, jury having been waived, supported by evidence, is conclusive on appeal.

3. **Mechanics' liens** ☞317 — Action against surety, commenced within six months of completion of building, held not barred by Kansas statute.

Action by materialman against surety on bond to secure performance of contract for construction of building for state of Kansas, commenced within six months after completion of building, was not barred by any statute of Kansas.

4. **Courts** ☞276—Venue statute creates personal privilege, which is waived, unless objected to before pleading to merits.

Where jurisdiction of federal courts is based on diversity of citizenship, subject-matter being within jurisdiction of court, Judicial Code, § 51 (Comp. St. § 1033), requiring suits to be brought in district in which plaintiff or defendant is inhabitant, confers personal privilege, which may be and is waived, unless objected to before pleading to merits.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Jaeger Manufacturing Company against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Eugene S. Quinton, of Topeka, Kan., for plaintiff in error.

Ord Clingman, of Lawrence, Kan., for defendant in error.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

KENYON, Circuit Judge. This action was commenced by defendant in error in the district court of Douglas county, Kan., against Olson & Johnson Company, a corporation, Olson-Magee Company (the same corporation under a different name), and plaintiff in error, likewise a corporation, to recover for certain material furnished by defendant in error to Olson & Johnson Company and its successor, Olson-Magee Company (hereafter called the contractor); the same being used in the construction of or addition to a certain building at the Kansas State University, Lawrence, Kan. Plaintiff in error was surety on a bond executed by the contractor to secure the faithful performance of the contract for the construction of said building entered into by them with the state of Kansas. The material furnished by defendant in error to the said contractor amounted to $12,950. Defendant in error also claims that it furnished to said contractor additional material, which was used in the construction of said building extra to the contract between them, in the sum of $133.10. Judgment was asked for balance due in the sum of $6,132.09.

The case was removed upon petition of plaintiff in error from the district court of Douglas county, Kan., to the United States District Court for the District of Kansas. A motion was made to remand the case on the part of the defendant in error, but later withdrawn. The case was tried under a stipulation waiving a jury and providing for the trial of the cause to the court.

Plaintiff in error in its answer admitted it executed the statutory bond as required by the statute of Kansas in such cases made and provided. It claims that the cause of action was barred by the statute of limitations of the state of Kansas, for the reason that more than six months had elapsed after the completion of said public building before the commencement of the action. The court found the issues for defendant in error—that the building had not been completed by the contractor in accordance with its contract on December 2, 1918, as the plaintiff in error contended, and that the same was not completed more than six

months prior to the date the action was instituted; hence that the same was not barred by any statute of limitations. The opinion filed March 2, 1923, directed judgment to be entered for defendant in error in the sum of $6,132.09. March 5, 1923, plaintiff in error requested of the court certain findings of fact, and on March 10, 1923, requested the court to find certain declarations of law. Both of these requests were made after the decision of the case by the court, and were by it denied.

[1] Practically all legal questions raised in the brief and discussed arise out of the requests for declarations and conclusions of law. The requests both for fact findings and declarations of law being made after the decision of the court, were they timely, and are any questions raised thereby for the consideration of this court? The Kansas statutes regulate the procedure as to requests of the court to state its findings. Being a matter of procedure, no federal question being involved, this court under the Conformity Act (Comp. St. § 1537) will follow, as nearly as it can, the procedure the Supreme Court of Kansas has determined as proper under the statute of that state. Georgia Ry. & Power Co. v. Decatur, 262 U. S. 432, 43 S. Ct. 613, 67 L. Ed. 1065; Colorado Power Co. v. Halderman (D. C.) 295 F. 178; Pacific American Fisheries v. Hoof (C. C. A.) 291 F. 306; Amy v. Watertown, 130 U. S. 301, 9 S. Ct. 530, 32 L. Ed. 946; C. M. & St. P. v. Metalstaff et al., 101 F. 769, 41 C. C. A. 669.

The Kansas courts have passed on this statute, and have held that requests for special findings must be made before the court announces its decision; that it is too late to make them after a general finding. Smythe v. Parsons, 37 Kan. 79, 14 P. 444; Wilcox v. Byington, 36 Kan. 212, 12 P. 826; Allen v. Dodson, 39 Kan. 220, 17 P. 667. In Wilcox v. Byington, supra, the court said: "Clearly the request should be made before the final decision of the court." In Allen v. Dodson the court said: "But that request must be made at such a time and at such a stage of the proceedings as to give the court a fair opportunity to comply with it." It is apparent that under the holdings of the Kansas court the requests of the trial court to state its findings of fact and declarations of law were too late, and this court will not consider questions raised solely thereby.

[2, 3] A jury being waived, the court was agreed upon as the trier of fact as well as of law. It found that the building was

not completed six months prior to the time of the commencement of the action. There was evidence to support such finding. Hence that stands as an established fact. The legal question arising therefrom under the record is whether the legal conclusion of the court on such finding of fact was erroneous. Certainly if the building was not completed prior to six months before the commencement of the action, the court's conclusion, that the statute of limitations of the state of Kansas did not apply, was correct. The court also found that the materials contracted for from defendant in error were furnished as per the terms of the contract; also that certain extras of the value of $133.10 were furnished and received by the contractor, and that of the purchase price of these materials there remained unpaid to the defendant in error, under the terms of the contract, the sum of $6,132.09, with interest from July 17, 1919. And the court says this fact "seems to be not seriously controverted by defendant."

It is now argued by plaintiff in error (defendant in the trial court) that the record shows that defendant in error was paid in full for all that was due on its contract by the acceptance of certain promissory notes from the contractor instead of cash. There is evidence as to a $5,000 note being given by the Olson-Magee people to defendant in error, but from the record it also appears that the note was never paid, and one of plaintiff in error's witnesses, Gordon, admitted on the stand that there was still a sum of money owing by Olson-Magee Company to defendant in error. It is sufficient on this point, we think, to say there was evidence to sustain the finding of the court that the claim for material furnished by defendant in error was unpaid to the extent, including certain extras, of $6,132.-09. Therefore it is not for this court to interfere therewith.

[4] No other question is properly here for our review, unless possibly the suggested one of want of jurisdiction. The contention, that jurisdiction to try and determine the case did not exist, can hardly be seriously made in view of this record. It is claimed there is no jurisdiction, because the parties to the suit are all citizens of different states, and none citizens of the state of Kansas, and plaintiff in error cites in support of his position Ex parte Wisner, 203 U. S. 449, 27 S. Ct. 150, 51 L. Ed. 264, and the opinion of this court in Kansas Gas & Electric Co. v. Wichita Natural Gas Co., 266 F. 614. The doctrine of

1 F.(2d)—62

the Wisner Case has been overruled by the Supreme Court in General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244. The decision in Kansas Gas & Electric Co. v. Wichita Natural Gas Co., supra, was based upon the Wisner Case. Neither is now authority on the question suggested.

Section 51 of the Judicial Code (Comp. St. § 1033) deals with the venue of suits in the districts and provides: " * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

Sections 28 and 29 of the Judicial Code (Comp. St. §§ 1010, 1011) provide as to jurisdiction of the United States District Courts on removal of a case from a state court. The federal courts have repeatedly held that where jurisdiction is based on diversity of citizenship, the subject-matter being within the jurisdiction of the court, section 51 of the Judicial Code, as to bringing suit in district of plaintiff or defendant, confers a personal privilege, which may be waived, and is, unless objected to before pleading to the merits. United States v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; General Inv. Co. v. Lake Shore & Mich. Southern Ry. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 38 L. Ed. 98; In re Moore, 209 U. S. 490, 28 S. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan, etc., Co. v. Butte Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101; Mexican Nat. R. R. Co. v. Davidson, 157 U. S. 201, 15 S. Ct. 563, 39 L. Ed. 672; St. Louis & San Francisco Ry. Co. v. McBride, 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659.

In Kreigh v. Westinghouse, Church, Kerr & Co., 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984, it was held that "the defect as to the jurisdiction being simply as to the district to which the suit was removed, the parties being citizens of different states, the objection as to the jurisdiction might be, and in our opinion was, waived by making up the issues on the merits without objection as to the jurisdiction of the court." There being jurisdiction of the subject-matter, this case could have been originally

brought in the United States District Court for Kansas, and could have proceeded there to final determination; no objection to venue being raised. Venue must not be confounded with general jurisdiction. There was a complete waiver here of any venue privilege granted by the law.

The conclusion of the court that the action was not barred by the statute of limitations and that defendant in error was entitled to recover was correct, and the judgment is affirmed.