**PRUDENTIAL INS. CO. OF AMERICA v. McKEE et ux.**

**No. 3959.**

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

John Izard, of Asheville, N. C. (Harkins, Van Winkle & Walton, of Asheville, N. C., on the brief), for appellant.

Thomas L. Johnson, of Asheville, N. C. (Love & Fort, of Columbus, Ga., and Johnson, Rollins & Uzzell, of Asheville, N. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

CHESNUT, District Judge.

The sole question presented by the appeal in this case is whether the appellee, William C. McKee, one of the defendants in the court below, waived his personal objection, otherwise valid, to the venue jurisdiction of the District Court for the Western District of North Carolina, by reason of filing with his motion to dismiss the plaintiff's bill, a denial of the merits of the bill. The motion to dismiss was based on the facts that the plaintiff was a corporation formed under the laws of the State of New Jersey and the defendant was a citizen and inhabitant of the State of Georgia, and, therefore, not suable, over his objection, in the Western District of North Carolina, under United States Code, title 28, § 112 (28 U.S.C.A. § 112). The District Judge heard the motion to dismiss on affidavits submitted by the parties which clearly established that the defendant was a citizen and inhabitant of the State of Georgia and only temporarily residing in North Carolina, and thereupon dismissed the plaintiff's bill. From this action the plaintiff has appealed.

The plaintiff's bill sought the cancellation of its life insurance policy issued to the defendant, William C. McKee, as the insured, payable to his wife, Margaret B. McKee, as beneficiary, on the ground of material misrepresentations by the insured in the application for the policy, which contained a one-year incontestable clause. The subpœna was served upon William C. McKee who, within the twenty days allowed for answering the bill, by counsel filed a paper entitled "Answer of William C. McKee, and Motion to dismiss." The first paragraph of this paper was as follows:

"Now comes the defendant, William C. McKee, and without admitting the jurisdiction of the court and for the purpose and in support of his motion to dismiss this action for lack of jurisdiction, in conformity with Equity Rule 29, and, without prejudice to said motion, answers the bill of complaint herein filed and alleges and says:"

The paper then contains a general denial of the allegations of the bill with regard to the misrepresentations, states the defendant is a citizen and resident of Georgia, specifically alleges the lack of venue jurisdiction on the part of the District Court and concludes as follows:

"Wherefore, this answering defendant prays: (1) That this action and bill of complaint be dismissed for that the Court has no jurisdiction to hear and determine the matter; (2) That the defendant go hence without day and recover of the plaintiff his costs."

The contention of the appellant is that the defendant waived his personal privilege against a suit in a district other than that of his residence by including in his motion to dismiss the suit a denial of the merits of the plaintiff's bill. The defendant's motion and answer when read as a whole indicate very clearly that the defendant was insisting on and not intending to waive his objection to the venue jurisdiction of the court; and it further appears that the denial of the merits of the plaintiff's bill was included only because the defendant's solicitors mistakenly inferred that general equity rule No. 29 required the facts in support of the motion to dismiss to be included in, and not filed previously to, and separately from an answer on the merits. It further intrinsically appears from the answer and motion and from the action taken thereunder that it was the intention of the defendant to insist *preliminarily* on his position under the motion, and the denial of the merits of the plaintiff's bill was to be brought forward only in the event that the motion did not prevail. That is to say, it is apparent that the defendant did not *invoke* any action or determination by the District Court with regard to the merits of the case, except upon the contingency that over his objection the motion to dismiss should be overruled. Nevertheless the appellant contends that, despite the evident intention to the contrary, it must be held, as a matter of law on the adjudicated cases, that the defendant's denial of the merits of the plaintiff's

bill, included in the answer and motion to dismiss, constitutes a waiver of the personal privilege of the defendant not to be sued in the particular district, of which he was not a resident.

The question presented lies peculiarly in the field of federal equity practice, and the general subject matter has been considered in numerous decisions, none of which however, so far as we have been able to find, have dealt with the question under the special circumstances here disclosed. In order to correctly understand and apply the principle involved, it will be helpful to briefly survey the former and present practice of presenting objections to the venue.

Before the adoption of the present federal general equity rules (which became effective February 1, 1913) the only proper method of raising an objection to the venue jurisdiction of the District Court was, where the defect did not appear on the face of the bill, to file a plea in abatement; and if this was not done, the objection was held waived, although it was subsequently set up in the answer. Livingston v. Story, 11 Pet. 351, 393, 9 L.Ed. 746; Dodge v. Perkins, Fed.Cas. No. 3,954, 4 Mason, 435; Wood v. Mann, Fed.Cas. No. 17,952, 1 Sumn. 578; DeSobry v. Nicholson, 3 Wall. 420, 423, 18 L.Ed. 263. But rule 29 of the new equity rules (28 U.S.C.A. following section 723) abolished demurrers and pleas. Its full text is as follows:

"Rule 29. *Defenses—How Presented.*—Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter **or a** decree pro confesso entered."

510

It will be seen that the rule provides that (1) defenses apparent from the bill shall be made by motion to dismiss or in the answer; (2) other defenses must be made in the answer; (3) defenses, whether made by motion or answer, which are in their nature preliminary to a consideration of the merits may be separately heard and disposed of before trial and (4) if made by motion before answer and overruled, answer must be filed within five days, or a decree pro confesso entered. But despite the seeming universality of the wording of the rule with respect to defenses previously presentable by plea in abatement, it may be doubted whether the rule had in contemplation the special situation presented by an objection to the venue which is based on the personal privilege of the defendant not to be sued in a district other than that of his residence; and it has continued to be the approved practice since the adoption of the rule, as well as prior thereto, to present objections to the venue by special appearance only for that purpose; and it has been held both before and after the rule that a general appearance, without making the objection as to venue, will waive it, as, of course, it is firmly established that an objection of this kind is in the nature of a personal privilege which may be waived unless "seasonably" interposed and insisted upon. St. Louis & San Francisco R. R. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 211, 47 S.Ct. 578, 71 L.Ed. 1002; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S. Ct. 98, 73 L.Ed. 252; Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 35 F.(2d) 433, 439 (C.C.A.4); Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. ——.

This rule with regard to waiver of the objection has been so strictly applied both before and after the adoption of the new equity rules that even where the objection is definitely made *concurrently* with other defenses which invoke the judgment of the court on the merits, either by demurrer, prior to the new rule, or by motion thereafter, the objection will be held to have been waived. St. Louis & San Francisco R. R. v. McBride, supra, 141 U.S. 127, page 130, 11 S.Ct. 982, 35 L.Ed. 659; Thames & Merscy Insurance Co. v. United States, 237 U.S. 19, 24, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087; United States v. Hvoslef, 237 U.S. 1, 8, 12, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas.1916A, 286.[1]

But it will be found on examination that the cases which have so strictly applied this rule of waiver involve situations where in some form the defendant's demurrer or motion, while making the objection as to venue jurisdiction, has also affirmatively invoked the judgment of the court on the legal merits of the plaintiff's claim, and the principle underlying the decisions is the fundamental inconsistency of concurrently invoking and repudiating jurisdiction. Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, supra. Here, in our opinion, the situation is different because the defendant "seasonably" interposed the objection, and insisted on its consideration by the court preliminary to the trial on the merits, and, although the jurisdictional motion included defensively a denial of the allegations of the bill, it is obvious from the motion as a whole that the denial was not intended to be concurrently presented for the purpose of invoking the judgment of the

---

[1] This strict application of the rule of waiver has not gone unchallenged. Southern Pac. Co. v. Arlington Heights Fruit Co., 191 F. 101, 110 (C.C.A. 9); Ryan v. McAdoo, 46 App.D.C. 117. In Armstrong v. Langmuir, 6 F.(2d) 369, 370, it was said by Judge Hand for the Second Circuit Court of Appeals: "It is, for example, settled in at least three circuits that a party sued in the wrong district may couple a motion to dismiss on that ground with a motion to dismiss for lack of substantive jurisdiction over the subject-matter. Southern Pac. Co. v. Arlington Heights Co., 191 F. 101, 111 C.C.A. 581 (C.C.A. 9); Jones v. Gould, 149 F. 153, 80 C.C.A. 1 (C.C.A. 6); Kelley v. T. L. Smith Co., 196 F. 466, 116 C.C.A. 240 (C.C.A. 7). The decision to the contrary in Mahr v. Union Pacific R. Co. (C.C.) 140 F. 921, must be considered as overruled." In Foster on Federal Practice, Vol. 1, 6th Ed. page 980, it is said: "The later authorities hold: that when an objection to the jurisdiction over the person of the defendant is filed, with the formal appearance, the latter will be considered to be special and not general, and that a party may file a special appearance with an objection to the jurisdiction over his person joined with other objections, such as a want of equity, or want of jurisdiction over the subject-matter of the suit, without submitting to the jurisdiction of the court." See, also, Clephane on Equity Pleading and Practice, 172, 230.

court, but was included only in subordination to the primary purpose of the motion, in the event the latter was overruled.

It would be a too rigid application of the rule of waiver to let it govern this special case. The true nature of the paper filed by the defendant must be judged by its contents as a whole and not merely by the name applied to it, or by matter therein contained obviously subordinate to its primary purpose. So viewed it is clear that its essential substance was to insist upon the objection to the jurisdiction; and the formal denial of the merits of the plaintiff's bill contained therein was merely surplusage, if the primary purpose of the motion should be upheld. It would be, we think, quite inconsistent with the modern spirit of judicial approach to purely procedural matters to treat what is clearly surplusage in the defendant's motion in this case as a waiver, and thus sacrifice a substantial right on the altar of a too rigid procedural rule, which is at best highly technical. Camp v. Gress, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997. What was well said by Judge Hutcheson of the Fifth Circuit in Findlay v. Florida East Coast R. R. (C.C.A.) 68 F.(2d) 540, 541, in dealing with a somewhat similar point, is applicable here:

"It is undoubtedly true that the venue privilege accorded by section 51, Jud.Code (28 U.S.C.A. § 112), to a defendant sued in a federal court other than that of his or the plaintiff's residence, must be timely, effectively, and continuously asserted by him, and acts or conduct inconsistent with its assertion will constitute a waiver of it. Burnrite Coal Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002; Brotherhood of Locomotive Engineers v. W. L. Shepherd Lumber Co. (C.C.A.) 51 F.(2d) 153. It is equally true, however, that the right to specially appear in the federal court is substantial, and that, where no affirmative relief is asked, and the intention to appear specially is plain, inaptness or even incoherency in making this point clear will not constitute a waiver. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Creager v. P. F. Collier & Son Co. (D.C.) 36 F.(2d) 781; Dahlgren v. Pierce (C.C.A.) 263 F. 841, 846."

The decree appealed from is

Affirmed.