### AUTOMATIC TOY CORPORATION v. BUDDY "L" MFG. CO. et al.

District Court, S. D. New York.
April 16, 1937.

---

Carl E. Ring, of New York City, for plaintiff.

Emery, Varney, Whittemore & Dix, of New York City, for defendants.

PATTERSON, District Judge.

The suit is for infringement of letters patent. The bill alleges that the defendants have a place of business in the district and have committed acts of infringement here. In due course the defendants put in an answer on the merits, denying infringement and claiming that the patent sued on is invalid. In paragraph 4 of the answer it is set forth that the court is without jurisdiction because the defendants are not inhabitants of the district and have no regular and established place of business in the district and have done no infringement in the district, and that the defendants do not waive the requirements of section 48 of the Judicial Code (28 U.S.C. A. § 109). The plaintiff moves to strike out this paragraph, on the ground that it is an objection to the venue and that such an objection is waived by an answer on the merits.

Section 48 of the Judicial Code, to the effect that jurisdiction in suits for patent infringement shall be in the district of which the defendant is an inhabitant or in any district where he has committed acts of infringement and has a regular and established place of business, has to do only with venue. It confers a privilege on defendants in patent infringement suits, comparable to that available to defendants generally under section 51, as amended (28 U. S.C.A. § 112), and the privilege may be waived. General Electric Co. v. Marvel Co., 287 U.S. 430, 435, 53 S.Ct. 202, 204, 77 L.Ed. 408.

It is commonly said that, unless a defendant raises objection to the venue prior to putting in a general appearance, he is taken as having waived his objection. The waiver is plain enough when the general appearance precedes any objection based on venue, for the general appearance is a consent to meet the case on the merits and may not be retracted. Burnrite Coal Co. v. Riggs, 274 U.S. 208, 47 S. Ct. 578, 71 L.Ed. 1002. The matter is not so plain on principle where the defendant couples in one pleading or motion his objection to the venue and his defenses to the merits. But here, also, it is settled law that the objection as to venue, made in the same breath as the defenses on the merits, is waived. St. Louis & San Francisco R. Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; Thames & Mersey Insurance Co. v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087. The present Equity Rules have not affected this situation. Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 35 F. (2d) 433 (C.C.A.4); Prudential Ins. Co. v. McKee 81 F.(2d) 508 (C.C.A.4). See, also, Armstrong v. Langmuir, 6 F.(2d) 369 (C.C.A.2); Gilmore v. Robillard, 44 F.(2d) 295 (C.C.A.9). So the practice is that a defendant who wishes to press an objection under section 48 does so by special appearance and motion to quash service of process before taking any other steps.

The defendants' answer met the bill on the merits and was a general appearance. Under the settled rule discussed above, the effort to raise at the same time an objection to the venue of the court was futile. The motion to strike out the portion of the answer denying jurisdiction over the defendants will accordingly be granted.