**Pedro DIAZ–MONTERO, Appellant,**

v.

**Herbert BROWNELL, Attorney General of the United States, Appellee.**

**No. 14091.**

United States Court of Appeals Ninth Circuit.

Dec. 14, 1954.

Edwards E. Merges, Roy E. Jackson, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., John E. Belcher, Seattle, Wash., F. N. Cushman, Washington, D. C., John Keane, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Diaz-Montero appeals from a judgment dismissing his petition seeking under the Declaratory Judgment Act, 28 U.S.C. § 2201 a judgment "suspending his deportation from the United States, or in the alternative, requiring the appellee to suspend appellant's deportation,

or accord him a further hearing upon the same".

In substance the allegations of the petition are as follows.

Diaz-Montero, an unmarried man and a citizen of Mexico, was legally admitted to the United States on June 29, 1943, as an agricultural contract laborer and has since that time resided here continuously. In August of 1951, he was ordered deported by the immigration service at Seattle, Washington, because of the fact that he had admitted having committed adultery with an American citizen. He thereupon appealed to the Attorney General for suspension of deportation under U.S.C.A., Title 8, Sec. 155(c) [1] which provides inter alia for suspension of deportation of an alien of good moral character who has resided continuously in the United States for seven years or more. Upon Diaz-Montero's appeal to the Board of Immigration Appeals, the Board found specifically that he was a person of good moral character and had resided in the United States seven years, and suspended the order of warrant of deportation but not in accordance with U.S.C.A., Title 8, Sec. 155(c), and instead held that he should depart from the United States within a time certain or the warrant would be reinstated.

The Attorney General filed an answer, setting up the defense that the court does not have jurisdiction over the person of the defendant, James P. McGranery,[2] Attorney General of the United States, who resides in Washington, D. C.

This was followed by a Second Defense that the petition fails to state a claim upon which relief can be granted, and a Third Defense of a series of allegations admitting and restating in further detail the facts stated in the petition. It was not until four months after the answer was filed that the attorney moved to dismiss on the second ground.

■   The brief of Diaz-Montero does not consider the answer's first question of jurisdiction, that is, whether jurisdiction in personam has been acquired over the Attorney General. The record before us shows no service of any kind on the Attorney General. He contends that a service by mail on him was attempted which service is not provided by Congress. In this we agree.

■   The question then is, is there a waiver of the First Defense of jurisdiction in personam over the Attorney General by his Third Defense in his answer meeting the issue of fact tendered by the complaint. This was formerly the law. St. Louis & S. F. Railway v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L. Ed. 659. However, the law was changed by the Federal Rules of Civil Procedure, 28 U.S.C.A., which now provide in Rule 12(b) that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Cf. Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624, 627.

We think the petition should have been dismissed on the ground of the "First Defense" of the answer, that is, of lack of jurisdiction in personam over the Attorney General. Without deciding the validity of the ground of the decision by the district court, the judgment is affirmed on the grounds above stated.

Judgment affirmed.

1.  Now Immigration and Nationality Act, § 244, 8 U.S.C.A. § 1254.

2.  Attorney General Brownell was substituted for Attorney General McGranery.