In re Marilyn M. MOSS, a/k/a Marilyn Margaret Bryant, a/k/a Marilyn Moss Bryant, a/k/a M. Margaret Bryant, a/k/a Marilyn Wall Bryant, a/k/a Marilyn Whitman Bryant, a/k/a Margaret ("Peggy") Whitman, a/k/a Margaret ("Peggy") Whitman Bryant, a/k/a Margaret Bryant, a/k/a Marge Bryant, a/k/a Mari Bryant, a/k/a Mary Bryant, a/k/a Anne Bryant, a/k/a Ann Whitman, a/k/a P.M. Whitman, a/k/a Ann Margaret Whitman, a/k/a Anne Margaret Whitman, a/k/a Anne M. Whitman Bryant, a/k/a Anne Margaret Whitman Bryant, a/k/a Anne Margaret Whitman Bryant Trust, a/k/a M. Whitman Bryant, a/k/a M. Margaret

---

428

Whitman Bryant, a/k/a Catherine L. Whitman, a/k/a Bryant Family Trust, a/k/a Solutions, Inc., a/k/a Santa Barbara Mortgage Co., Inc., a/k/a National Supply Corporation, a/k/a TCI Industries, a/k/a TCI Investments, a/k/a T.N. Ayrb Inv. Co., a/k/a Transpacific Conservancy, Inc., a/k/a M. Margaret Whitman Bryant Trust Dated April 18, 1997, a/k/a M. Margaret Whitman Bryant Trust Dated May 18, 1997, Debtor.

No. 98–43272–1.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Feb. 7, 2001.

See also 258 B.R. 391, 258 B.R. 405.

Marilyn M. Moss, pro se.

Steven C. Block, Kansas City, MO, trustee.

### MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This case comes before the Court at this juncture on the Trustee's Objection to Debtor's Exemptions, filed on July 24, 2000. In response, the Debtor in these proceedings, Marilyn M. Moss, filed a document entitled "Debtor's Motion for Order Overruling 'Trustee's Objections to Debtor's Exemptions' and Motion to Strike" on October 10, 2000. A hearing was held on the Trustee's Objections and the Debtor's Motions at the Federal Courthouse in Kansas City, Missouri, on November 15, 2000.

The Court has reviewed the evidence, conducted its own research of the legal issues, and is now prepared to rule.

The following constitutes the Court's Findings of Facts and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052. This is core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

## I.

The Trustee objects to both the Debtor's original claims of exemption and to the Debtor's amended claims of exemption. We first address the Trustee's objection to the Debtor's amended claims of exemption.

The Trustee argues that the amended exemptions should be disallowed because: (1) the exemptions were filed in bad faith and prejudice the Debtor's creditors; (2) most of the listed property was fraudulently transferred or concealed by the Debtor and therefore cannot be claimed as exempt; (3) the Debtor has not used the proper exemption statutes in her Amended Schedule C.

Although there are ample grounds for the Court to reject the Debtor's amended claims of exemption based on Moss's bad faith and the concealment of assets she now seeks to exempt,[1] the Court will deny the Debtor's amended claims of exemption on the basis that she has not asserted proper exemption statutes.

■ As an initial matter, however, the Court comments that all of the Debtor's amended claims of exemption in property "owned by the M. Margaret Whitman Bryant Charitable Trust" (the "Trust") must be denied if the Court accepts as true the Debtor's assertion that the Trust owns that property.[2] Aside from the fact that the Trust, which the Debtor steadfastly maintains is not a debtor in these pro-

ceedings, has no standing to assert a claim of exemptions in Moss's bankruptcy, the Debtor's representation that those items are owned by some entity other than herself undermines her own right to claim an exemption in that property because debtors are only allowed to claim an exemption in property in which they have an interest. *In re Thorpe,* 251 B.R. 723, 724 (Bankr. W.D.Mo.2000). For the sake of argument, though, the Court will ignore the Debtor's representation that the property is owned by the trust (since we have already determined that there is no valid trust—*see* this Court's Memorandum Opinion and Order in Adversary Proceeding No. 00–4091, entered contemporaneously herewith), and proceed on the assumption that Moss owns all of that property.

■ Moss cites two primary statutory bases for exemption. On the property she represents is owned by the Trust, she claims an exemption under California Code of Civil Procedure § 704.140.[3] On the property that Moss lists without qualification (the implication being that she owns it), she cites Revised Arizona Statutes §§ 33–1125, *et seq.* as the legal basis for her claims of exemption.[4] Moss's choice of exemption laws is misguided, however; she is not entitled to claim an exemption on either of the bases cited.

■ The Bankruptcy Code provides two exemption schemes in § 522(b): a fed-

---

1. *See* this Court's Memorandum Opinion and Orders in Adversary Proceedings Nos. 00–4091, 00–4200, and 00–4203, entered contemporaneously herewith. The findings of fact and conclusions of law contained in those Memorandum Opinions and Orders are incorporated herein by reference.

2. According to the Debtor's Amended Schedules, the Trust owns: cash from personal injury award, valued at $9,200.00; checking and financial account funds from Citizens Bank of Tulsa, valued at $20,000.00; contents of Winnebago mobile home, contents of Toyota 4–Runner, contents of Memorial South Storage and Cottonwood Super Storage, valued at $30,000.00; Winnebago mobile home, valued at $40,000.00; "4 vehicles" (presumably the Toyota 4–runner, Mercedes, Dodge Van, and

Toyota Tacoma), valued at $37,000.00 (on Schedule C; on Schedule B she listed a value of $77,000.00); and financial account funds from Prudential account, valued at $2,700.00.

3. Moss cites 28 U.S.C. § 1738 in conjunction with the California statute (§ 704.140). The Court assumes that she cites § 1738 for the purpose of instructing this Court to give "full faith and credit" to the California statute and not as an independent basis for an exemption.

4. Additionally, Moss claims the Winnebago as exempt pursuant to both the California statute and the Arizona homestead exemption, REV. ARIZ. STAT. § 33–1101(A)(3). The combination of the two exemption laws is of no more effect than either one would have alone.

eral exemption scheme, contained in § 522(d), and an exemption scheme based on the State law of the debtor's domicile. 11 U.S.C. § 522(b). The State determines which exemption scheme should apply, *i.e.*, whether it will "opt-out" of the federal exemption scheme and utilize the state's exemption statute. Missouri has chosen to opt-out. MO. REV. STAT. § 513.427; *In re Smith*, 254 B.R. 751, 753 (Bankr. W.D.Mo.2000). Therefore, Missouri exemption law will apply in this case if it is determined that Missouri was the domicile of the Debtor at the time of filing. And we determine that it was.

The Court bases this determination on the simple fact that the Debtor unambiguously attested on her bankruptcy petition that "she had been domiciled, or had a residence, principal place of business, or principal assets *in this District* for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District." (emphasis added). It is no coincidence that the language used on the bankruptcy petition filing form follows that of 11 U.S.C. § 522(b)(2)(A); the purpose of requiring a debtor to complete the section concerning venue is, among other things, to prevent the kind of mischief that has occurred in this case. Moss signed her bankruptcy petition attesting, under penalty of perjury, that the information contained therein was true, and the Court will not hear her complain otherwise, now that her "choice" of domicile has proven inconvenient. Consequently, the only exemption statutes that apply in this case are those that are allowed under Missouri law, and the Debtor cannot avail herself of the Arizona or California statutory exemptions.

■ The Debtor cannot avail herself of an exemption based on California Code of Civil Procedure § 704.140 for another, equally compelling reason—the issue of whether she is entitled to claim that exemption in any of the property directly or indirectly traceable to her personal injury settlement has already been adjudicated and decided against Moss by the Bankruptcy Court for the Central District of California on May 13, 1996 (see Trustee's Ex. 20A and Creditors Ex. C–016), and this Court will give full faith and credit to that decision. 28 U.S.C. § 1738.

Therefore, for the reasons stated above, the Court will sustain the Trustee's objections to the Debtor's amended claims of exemption.

## II

■ Having sustained the Trustee's objections to the Debtor's *amended* claims of exemption, the Court does not need to rule on the Trustee's objections to the Debtor's *original* claims of exemption; however, in the interest of disposing of all the potential issues regarding the Debtor's claims of exemption, the Court makes the following observations regarding the Debtor's original claims of exemption (based on the assumption that she had not filed an Amended Schedule C):

■ 1. The Trustee objects to the Debtor's claim of exemption in $1,000.00 cash on hand, pursuant to MO. REV. STAT. § 513(1), (3), (9) and (10), and § 513.440. The Trustee is correct in regard to § 513.430(1), (9) and (10), and § 513.440.[5] However, the Debtor would

5. Section 513.430(1) allows exemption and attachment from execution for "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for personal, family or household use ... not to exceed one thousand dollars in value in the aggregate." Cash on hand is not one of the items exempted under this subsection. Section 513.430(9) applies to "[p]rofessionally

prescribed health aids." While cash may cure many ills, it is not one recognized by the medical profession. Section 513.430(10) provides an exemption for Social Security benefits, unemployment compensation, veteran's benefits, disability benefits, alimony payments, pension plans, disability or death benefit plans or other similar plans established pursuant to Missouri statutes. The Debtor has failed to provide any evidence which

have been entitled to claim $400.00 of the $1,000 cash on hand pursuant to MO. REV. STAT. § 513.430(3).[6]

■ 2. The Trustee also objects to the Debtor's claim of exemption in a Smith Corona Typewriter (valued at $50.00), pursuant to MO. REV. STAT. § 513(1), (3), (9) and (10), and § 513.440. For the same reasons listed in footnote 5, the Debtor would not have been entitled to claim the typewriter as exempt pursuant to § 513.430(1), (9) and (10), or § 513.440. However, she would have been able to claim it as exempt pursuant to § 513.430(1).

### III

■ As a final matter, the Court addresses *one* of the issues raised in the Debtor's "Motion for Order Overruling 'Trustee's Objections To Debtor's Exemptions' and Motion to Strike." The Court only addresses one of her arguments because all of the other arguments presented in her Motion have either already been ruled on by this Court (*e.g.*, whether venue is proper and whether this Court has personal jurisdiction over the creditors and the Debtor) or are wholly unsupported in law and fact (*e.g.*, that the assets have so depreciated in value that the case should be dismissed and that the Trustee has "known from the beginning" that this Court lacks jurisdiction (which it doesn't)).[7] The only argument raised by the Debtor that is worth addressing is her contention that the Trustee's Objections are untimely;

however, this argument fails along with the others.

The Debtor cites Bankruptcy Rule 4003(b) for the proposition that objections to a debtor's exemptions must be filed within 30 days after the conclusion of the meeting of creditors, and she argues that the Trustee's Objections, filed on July 24, 2000, were untimely because the original § 341 meeting of creditors was scheduled for September 2, 1998. We disagree with the Debtor's statement of the Rule and her application of it to the facts of this case.

First of all, the Debtor has indulged in an extremely selective reading of Rule 4003(b). Rule 4003(b), *in its entirety*, provides:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) *or the filing of any amendment to the list or supplemental schedules* unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

FED. R. BANKR. P. 4003(b) (emphasis added).

■ The italicized portion of the Rule, which Moss conveniently omitted in her Motion, unambiguously gives the Trustee 30 days from the filing of Moss's Amended

---

would support a claim that the cash on hand is a proceed of any of the qualified plans listed in this section. And finally, section 513.440 pertains to the head of household exemption. Nothing in the record indicates the Debtor is a head of household and, therefore, she may not claim an exemption under this statute.

**6.** Section 513.430(3), often called the "wildcard" exemption, exempts "[a]ny other property of any kind, not to exceed in value four hundred dollars in the aggregate..." MO. REV. STAT. § 513.430(3).

**7.** The Court will also deny the Debtor's Motion to Strike as improper and unnecessary.

Over the course of these bankruptcy proceedings, the Debtor has demonstrated a fundamental misunderstanding of the proper use of Federal Rule of Civil Procedure 12(f). The purpose of Rule 12 is not, as the Debtor has used it, to object to legal and factual accusations made in pleadings, but rather to rid pleadings of redundant, immaterial, impertinent or scandalous material or to raise the insufficiency of a defense. FED. R. CIV. P. 12(f). It appears to the Court that the Debtor moves to strike anything she doesn't like that is written in a pleading, and that is not a proper use of Rule 12(f).

Schedules to object to the amended exemptions contained therein. Therefore, based on a complete reading of Rule 4003(b), the Trustee's Objections to the Debtor's amended exemptions were timely filed; she filed her Amended Schedules on June 28, 2000, and the Trustee filed his Objections on July 24, 2000, four days before the 30–day deadline had expired.

■ Moss also contends that the 30–day time period should run from September 2, 1998, the date scheduled for the original meeting of creditors because "no party in interest made any motion to extend time to conduct another § 341 meeting." This argument, however, ignores the plain language of the Rule, which indicates that the time period runs from the *conclusion* of the meeting of creditors, *In re Bernard,* 40 F.3d 1028, 1031 (9th Cir.1994), and Moss's meeting of creditors did not conclude until July 6, 2000, only eighteen days before the Trustee filed his Objections. Moreover, the Debtor's argument here is nothing short of preposterous considering that it was Moss's filing of *fraudulent* documents with the court requesting a continuance of the meeting on account of her *fictional* physical disabilities that caused the indefinite extension of the meeting of creditors.

Therefore, for the reasons stated above, it is

**ORDERED** that the Trustee's Objections to Debtor's Exemptions, filed on July 24, 2000, be and are hereby SUSTAINED. It is

**FURTHER ORDERED** that the Debtor's Motion for Order Overruling "Trustee's Objections to Debtor's Exemptions" and Motion to Strike be and are hereby denied.

**SO ORDERED.**