# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT
_____

No. 01-6012WM
_____

In re:                                              *
                                                    *
Marilyn M. Moss, a/k/a Marilyn M.                   *
Bryant, a/k/a Marilyn Margaret                      *
Bryant, a/k/a Marilyn Moss Bryant,                  *
a/k/a M. Margaret Bryant, a/k/a                     *
Marilyn Wall Bryant, a/k/a Margaret                 *
Whitman Bryant, a/k/a Margaret                      *
"Peggy" Whitman, a/k/a Margaret                     *
Whitman "Peggy" Bryant, a/k/a                       *
Margaret Bryant, a/k/a Marge Bryant,                *
a/k/a Mari Bryant, a/k/a Mary Bryant,               *
a/k/a Anne Bryant, a/k/a Anne Whitman,              *
a/k/a P.M. Whitman, a/k/a Anne                      *
Margaret Whitman, a/k/a Anne M.                     *
Whitman Bryant, a/k/a Anne Margaret                 *
Whitman Bryant, a/k/a Anne Margaret                 *
Whitman Bryant Trust, a/k/a M.                      *
Whitman Bryant, a/k/a M. Margaret                   *
Whitman Bryant, a/k/a Catherine L.                  *
Whitman, a/k/a Bryant Family Trust,                 *
a/k/a Solutions, Inc., a/k/a Santa Barbara          *
Mortgage Co., Inc., a/k/a National                  *
Supply Corporation, a/k/a TCI                       *
Industries, a/k/a TCI Investments, a/k/a            *
T.N. Ayrb Inv. Co., a/k/a Transpacific              *
Conservancy, Inc., a/k/a M. Margaret                *
Whitman Bryant Trust Dated April 18,                *
1997, a/k/a M. Margaret Whitman                     *
Bryant Trust Dated May 18, 1997                     *
                                                    *
      Debtor.                                       *

| | |
|---|---|
| | * |
| Marilyn M. Moss, | * |
| | * |
| Debtor - Appellant, | * Appeal from the United States |
| | * Bankruptcy Court for the Western |
| v. | * District of Missouri |
| | * |
| Steven C. Block, | * |
| | * |
| Trustee - Appellee. | * |

––––––

Submitted: August 9, 2001
Filed: September 10, 2001

––––––

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

–––––

KRESSEL, Bankruptcy Judge.

Marilyn Moss, the debtor, appeals from the bankruptcy court's[1] order sustaining the trustee's objections to exemptions. Because we think the trustee's objections were both timely and well taken, we affirm.

## BACKGROUND

Moss's case has a long and sometimes sordid history. We recite in this opinion only those matters necessary for our review and decision of the exemption litigation. Moss filed a voluntary petition under Chapter 7 in the Western District of Missouri on

---

[1] The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

August 6, 1998. In her petition, she stated under penalty of perjury that she lived in Jackson County, Missouri, and that the Western District was thus the proper venue for her case. Her schedules listed minimal assets and in her Schedule C claimed it all as exempt under Missouri law.

The meeting of creditors was first set for September 2, 1998. A few days prior to the scheduled hearing, Moss filed a pleading entitled "Disabled Debtor Ex Parte Application For Thirty Day Continuance Of Creditors' Meeting And Accommodation Under Americans With Disabilities Act." In that pleading, she made a number of allegations regarding her health, including multiple sclerosis, problems with her bowels and bladder, and inability to speak. Since she did not appear at the September 2, 1998, meeting, the trustee continued the meeting to October 5, 1998. Moss did not appear at the October 5, 1998, meeting either, and the trustee continued the meeting indefinitely. As other litigation unfolded, Moss filed on November 23, 1998, "Notification of Death of Marilyn Moss." That statement, purportedly filed by the administrator under her last will and testament, alleged that Moss had died of a brain aneurysm while on the operating table. A criminal investigation regarding the continuance request and notification of death indicated that Moss did not suffer from any of the indicated illnesses and was certainly not dead. This led to her indictment on two counts of making a false oath in connection with a bankruptcy case pursuant to 18 U.S.C. § 152. As part of a plea bargain, Moss pled guilty to one count.[2]

Many of the documents obtained by the FBI in the course of its investigation enabled the trustee to identify numerous assets that were not disclosed by Moss in any of her schedules. While in custody, Moss filed a flurry of pleadings. A June 6, 2000,

---

[2] After the district court convicted her, based on her guilty plea, Moss appealed. The court of appeals affirmed her conviction and sentence. *United States v. Moss*, 2001 WL 839006 (8th Cir. July 26, 2001) (unpublished opinion).

order by the bankruptcy court denied a number of those motions, including a motion to amend her petition to claim an Arizona address and motions to transfer venue or to dismiss and stay all proceedings, all based upon improper venue allegations. Moss appealed that order and the district court, in its order of November 15, 2000, affirmed the bankruptcy court's order and affirmed its determination that Moss was a resident of Missouri.

On June 15, 2000, the trustee reset the meeting of creditors for July 5, 2000. Immediately before this scheduled meeting, on June 28, 2000, Moss filed amended schedules in which she formally disclosed, for the first time, some of the personal property that the FBI and trustee investigations had disclosed and claimed it exempt under Arizona and California statutes. Moss did appear and submit to examination by the trustee at the July 5, 2000, meeting.

On July 24, 2000, the trustee filed his objection to Moss's claimed exemptions in her June 28, 2000, Amended Schedule C. As grounds for his objection, the trustee alleged that the exemptions were filed in bad faith and that the property claimed as exempt was fraudulently transferred and concealed, which barred the debtor from claiming them as exempt. He also alleged that, as a resident of Missouri, the debtor was not entitled to use California and Arizona exemption statutes. On February 7, 2001, the bankruptcy court's memorandum opinion and order was entered sustaining the trustee's objections. The bankruptcy court agreed that there was no legal basis for the property to be claimed exempt pursuant to California or Arizona statutes and disallowed all of the claimed exemptions. The bankruptcy court also disagreed with Moss' contention that the trustee's objections were not timely.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d

4

764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000).

## DISCUSSION

The debtor raises a total of six issues, four of which we address here.[3]

### Timeliness

Moss argues that the bankruptcy court lacks jurisdiction to consider the trustee's objection because it was untimely. First of all, we note that this is not an issue of jurisdiction. The fact that an objection was untimely would not have deprived the bankruptcy court of jurisdiction to consider it.[4] In any case, the bankruptcy court correctly determined that the objection was timely. Federal Rule of Bankruptcy

---

[3] Issue 5 concerns venue. Issue 6 deals with enforceability of a claim under the California exemption statute, both of which are beyond the scope of this appeal.

[4] We have previously held that Rules 4004 and 4007, concerning the time limits for filing complaints objecting to the debtor's discharge and the dischargeability of a debt, are "analogous to statutes of limitations." *KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998). Thus, they are not jurisdictional in nature, but instead are subject to the defenses of waiver, estoppel and equitable tolling. *See, e.g., European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir. 1996); *see also Harstad v. First Am. Bank*, 39 F.3d 898, 902 n.7 (8th Cir. 1994) (noting that language contained in a Chapter 11 plan cannot confer jurisdiction on the court, as only Congress may confer jurisdiction). Rule 4003(b), concerning the time to file an objection to exemption, is similar to Rules 4004 and 4007. It is a filing deadline analogous to a statute of limitations. The Rule does not, and cannot, confer or take away the court's jurisdiction. Congress has instead provided for the bankruptcy court's jurisdiction in 28 U.S.C. §§ 157 and 1334.

Procedure 4003(b) governs the time for timely filing objections to exemptions. That rule provides, in part:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

Fed. R. Bankr. P. 4003(b). The trustee's objection was timely under both alternatives. The meeting of creditors was not <u>concluded</u> until July 5, 2000. *See Bernard v. Coyne (In re Bernard)*, 40 F.3d 1028, 1031-32 (9th Cir. 1994), *cert. denied*, 514 U.S. 1065 (1995). The debtor's amended schedule of exemptions was filed on June 28, 2000. The trustee's objection to that new schedule of exemptions was filed on July 24, 2000, within 30 days of the conclusions of both the meeting of creditors and the filing of the amended schedule.

## Trustee's Standing

Moss argues that the trustee lacks standing to object to her claim of exemptions. However, nowhere in her brief does she state any legal basis for this contention. Not only does the trustee have the standing to object to exemptions, the trustee is the most obvious person to do so as part of his obligation to collect and reduce to money property of the estate. *See* 11 U.S.C. §704(1); *see also* Fed. R. Bankr. P. 4003(b) (providing that a "party in interest" may file an objection to the debtor's claimed exemption(s)); clearly, the trustee appointed to administer debtor's Chapter 7 case is a party in interest). Moss's argument is without merit.

## Fairness of the Hearing

Moss objects to the trial that was held on this matter, and a number of other matters which had been consolidated for trial, as being "disorganized and confusing." However, our review of the record does not indicate any fundamental unfairness nor is there anything that indicates that the consolidated hearings violated her constitutional rights as alleged by Moss.

## The Merits

Because Missouri does not allow its residents to claim the alternative bankruptcy exemptions found under 11 U.S.C. § 522(d), Moss is limited to claiming exemptions under state law "that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period . . . ." 11 U.S.C. §522(b)(2)(A). The bankruptcy court determined, as part of its exemption order, that Moss was required to use Missouri statutes for her exemptions. Moss essentially attempts to reargue that she was in fact a resident of Arizona when she filed her case. However, the bankruptcy court's determination that she was a resident of Missouri is amply supported by the record and was not clearly erroneous. In addition, because that determination was previously made by the bankruptcy court and affirmed by the district court, it is the law of the case that Moss was a resident of Missouri for the applicable period of time. *See Arleaux v. Arleaux (In re Arleaux),* 229 B.R. 182, 185 (B.A.P. 8th Cir. 1999) (providing that when a court decides a rule of law, that decision should govern the same issues in subsequent stages of the same case). We agree with the bankruptcy court's determination that none of the statutes on which Moss relied were applicable to her, and thus the trustee's objection was properly sustained and the property determined to be nonexempt.

## Motions

The trustee asks us to take judicial notice of the district court's order and judgment affirming that Missouri was a proper venue. We deny the motion because such a request is inappropriate and unnecessary. It is inappropriate because the decision of a court does not fall within the ambit of those kinds of "facts" which are the proper subject of judicial notice, and as part of prior proceedings in the case may be considered as appropriate. *See* Fed. R. Evid. 201(b). Moreover, it is unnecessary because that order and judgment are already contained in the record on appeal.

Moss also asks us to reconsider our decision to deny her earlier motion to strike the trustee's designation of record as untimely. The filings in this appeal and related appeals have been numerous, voluminous, and many extensions have been granted to both Moss and the other parties. We see nothing inappropriate in our earlier decision to allow the designation of record to be filed one day late.

Finally, Moss also asks us to take judicial notice of various things. Normally, with certain exceptions not applicable here, appellate courts do not take judicial notice of adjudicative facts that are not a part of the record. *See Johnson v. Chater*, 108 F.3d 942, 946 (8th Cir. 1997) (and citations therein). The list of things presented by the appellant in her request fall into a number of categories. In many cases, they were offered and received at trial, in which case judicial notice is unnecessary. Where they were not offered and received at trial, consideration of them would be inappropriate. Lastly, Moss asks us to take judicial notice of an excerpt from an opinion of the bankruptcy court. This is not a fact, and it is not subject to judicial notice.

CONCLUSION

Since the debtor used the wrong exemption statutes and the trustee's objection to those exemptions was timely, we affirm the bankruptcy court's order of February 7, 2001, sustaining the trustee's objection to those exemptions.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.