# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

Nos. 01-6014, 01-6015 WM

| | |
|---|---|
| In re: | * |
| | * |
| Marilyn M. Moss, a/k/a Marilyn M. | * |
| Bryant, a/k/a Marilyn Margaret | * |
| Bryant, a/k/a Marilyn Moss Bryant, | * |
| a/k/a M. Margaret Bryant, a/k/a | * |
| Marilyn Wall Bryant, a/k/a Margaret | * |
| Whitman Bryant, a/k/a Margaret | * |
| "Peggy" Whitman, a/k/a Margaret | * |
| Whitman "Peggy" Bryant, a/k/a | * |
| Margaret Bryant, a/k/a Marge Bryant, | * |
| a/k/a Mari Bryant, a/k/a Mary Bryant, | * |
| a/k/a Anne Bryant, a/k/a Anne Whitman, | * |
| a/k/a P.M. Whitman, a/k/a Anne | * |
| Margaret Whitman, a/k/a Anne M. | * |
| Whitman Bryant, a/k/a Anne Margaret | * |
| Whitman Bryant, a/k/a Anne Margaret | * |
| Whitman Bryant Trust, a/k/a M. | * |
| Whitman Bryant, a/k/a M. Margaret | * |
| Whitman Bryant, a/k/a Catherine L. | * |
| Whitman, a/k/a Bryant Family Trust, | * |
| a/k/a Solutions, Inc., a/k/a Santa Barbara | * |
| Mortgage Co., Inc., a/k/a National | * |
| Supply Corporation, a/k/a TCI | * |
| Industries, a/k/a TCI Investments, a/k/a | * |
| T.N. Ayrb Inv. Co., a/k/a Transpacific | * |
| Conservancy, Inc., a/k/a M. Margaret | * |
| Whitman Bryant Trust Dated April 18, | * |
| 1997, a/k/a M. Margaret Whitman | * |
| Bryant Trust Dated May 18, 1997 | * |
| | * |
| Debtor, | * |

Steven C. Block, Trustee,                          *
                                                   *
        Plaintiff-Appellee,                        *
                                                   *
                v.                                 *
                                                   *
Citizens Bank of Tulsa                             *
                                                   *
        Defendant                                  *
                                                   *
Marilyn M. Moss,                                   *
                                                   *
        Defendant-Appellant.                       *   Appeals from the United States
- - - - - - - - - - - - - - - - -                      Bankruptcy Court for the
Steven C. Block, Trustee                           *   Western District of Missouri
                                                   *
        Plaintiff-Appellee                         *
                                                   *
                v.                                 *
                                                   *
Prudential Securities, Inc.                        *
                                                   *
        Defendant                                  *
                                                   *
Marilyn M. Moss                                    *
                                                   *
        Defendant - Appellant                      *

Submitted:  August 9, 2001
Filed: October 2, 2001

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

SCOTT, Bankruptcy Judge

2

I.

In 1989, the debtor sued her employer for sexual harassment, hiring as her attorneys two law firms, Burton & Norris and Gronemeir & Barker. Several years into the litigation, the debtor fired these firms and hired another attorney. The lawsuit went to trial in Arizona, but while the jury was deliberating, the parties settled the case, with the debtor receiving three million dollars. The debtor's trial attorney received forty-five percent of that settlement, leaving the debtor with $1,650,000. Thereafter she sued her original attorneys for legal malpractice in the California Superior Court and the attorneys filed a counterclaim for their fees. The state court awarded the attorneys $600,000 plus interest, and that award, twice appealed by the debtor, was affirmed by the state appellate court. The judgment was recorded in California pursuant to California law on September 28, 1993.[1] During the litigation in California, the debtor created numerous entities, including a trust, transferring the vast majority of her assets, including cash, automobiles, and real property, to those entities as well as to family members.

On August 6, 1998, the debtor filed a chapter 7 petition in the United States Bankruptcy Court for the Western District of Missouri, claiming she owned virtually no assets.[2] Apparently seeking to avoid the section 341(a) meeting, she first maneuvered a continuance. Thereafter, she requested that she be excused from that meeting, submitting a medical statement which declared that she could not control her bowels and intimated that she could not speak. She then reported herself dead.

---

[1]The debtor filed a chapter 7 case in the State of California and apparently objected to the attorneys' proof of claim. The bankruptcy court allowed the claim, applying principles of res judicata. The case was later converted to chapter 11 and ultimately dismissed; the debtor did not receive a discharge.

[2]She later amended her schedules to reveal some information. It appears, however, that the majority of the trustee's information regarding the debtor's assets was obtained after a criminal investigation conducted by the FBI.

Ultimately, she was convicted of a bankruptcy crime relating to the filing of these false documents.[3]

In April 2000, the debtor filed a motion to amend her petition to show Arizona[4] as her residence and requested transfer of venue to that state, asserting that the Missouri bankruptcy court no longer had jurisdiction over her chapter 7 case. The debtor's motions to transfer venue, to amend her petition and to dismiss and stay based upon improper venue were denied. Her interlocutory appeal resulted in those orders being affirmed by the district court. A subsequent appeal to the Eighth Circuit Court of Appeals was dismissed for lack of jurisdiction.

In September 2000, the trustee commenced two separate adversary proceedings against the Citizens Bank of Tulsa and Prudential Securities[5] in addition to the debtor being named in each case, to avoid and recover fraudulent transfers made by the debtor. The Citizens Bank of Tulsa and Prudential Securities interpleaded the assets sought into the registry of the court and were dismissed, leaving only the debtor and her numerous aliases as defendants.[6] The bankruptcy court[7] concluded that the bank

---

[3]Although she pleaded guilty, she appealed. Her conviction and sentence were upheld in a per curium decision. United States v. Moss, 2001 U.S. App. LEXIS 16805 (8th Cir. July 26, 2001).

[4]The debtor has filed a request that the court take judicial notice of various documents, including her Arizona driver's license (under one of her numerous aliases) and other documents. We decline to do so for the reasons stated in a related appeal, Moss v. Block (In re Moss), 2001 WL 1028362 (B.A.P. 8th Cir. September 10, 2001).

[5]Block v. Citizens Bank of Tulsa was assigned adversary proceeding number 99-4200 and is appeal number 01-6014; Block v. Prudential Securities, Inc. was assigned adversary proceeding number 99-4203 and is appeal number 01-6015.

[6]The caption indicates that the debtor has used twenty-three different names as an individual and has utilized ten entities.

[7]The Honorable Jerry W. Venters, Bankruptcy Judge, United States Bankruptcy Court for the Western District of Missouri.

accounts and securities which were the subject of the proceedings were property of the estate and directed turnover of those assets to the chapter 7 trustee. From these orders, the debtor now appeals, raising primarily jurisdictional arguments. She does not contest the bankruptcy court's conclusions that the transfers were fraudulent in nature or that turnover is appropriate. Rather, she lists six separate arguments relating to the fact that her primary creditors, her former attorneys, never registered their judgment in the state of Missouri, and that venue is improper in Missouri.

## II.

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Blackwell v. Laurie (In re Popkin & Stern), 223 F.3d 764, 765 (8th Cir. 2000). Since the debtor raises primarily legal arguments, our review is primarily de novo.

## III.

The debtor asserts that since her California judgment creditors did not register their judgment in Missouri, they have no valid claim and, therefore, the trustee has no authority to sue and the assets do not become property of the estate. Essentially, under the debtor's theory, if there are no unsecured claims, the trustee has no standing to sue for turnover of assets of the estate. The trustee characterizes this argument as ludicrous and frivolous. We agree.

Jurisdiction and procedure in the federal courts is governed by title 28. Jurisdiction over bankruptcy cases, proceedings and property is conferred by 28 U.S.C. § 1334(a), (b), and (e), and bankruptcy court authority and procedure is governed by 28 U.S.C. § 157(a), (b). Neither the Federal Rules of Bankruptcy Procedure nor a state statute confer jurisdiction or limit bankruptcy court's jurisdiction to hear and determine cases and proceedings. Moreover, the validity or collectibility of a particular obligation of an individual who is a debtor under title 11 has no impact

5

upon whether the bankruptcy court has jurisdiction over a case or proceeding. The allowability of a claim is part of the claims process and does not affect jurisdiction.

Thus, the debtor's arguments that state statutes asserting jurisdiction over property and governing collection methods somehow deprive the bankruptcy court of jurisdiction to hear either a case or proceeding is without merit. The fact that an Arizona statute provides for exclusive jurisdiction over Arizona trusts, does not, as the debtor asserts, deprive the bankruptcy court of jurisdiction. Indeed, section 1334(e) of title 28 provides for <u>exclusive</u> federal jurisdiction over property of the debtor <u>wherever located</u> and property of the estate, and 11 U.S.C. § 541 defines property of the estate. To assert that an Arizona statute preempts the federal law also ignores the Supremacy Clause of the United State Constitution, and is, as the trustee asserts, a frivolous argument.

In a similar vein, the debtor's argument that the trustee has no standing to avoid a transfer of property is without merit. Under title 11, the trustee is the person who is the representative of the estate and has the capacity to sue on behalf of the estate. 11 U.S.C. § 323. In that capacity, the trustee is charged with collecting the assets of the estate, liquidating them and disbursing the proceeds to the creditors whose claims have been allowed in the bankruptcy case pursuant to the distribution scheme established by section 726. Moreover, Bankruptcy Code sections 548 and 550 specifically grant to the trustee standing, authority and the duty to avoid and recover fraudulent transfers. Thus, the trustee has standing not only to sue to obtain a declaration that certain property is property of the estate, but also to obtain possession of that property. Moreover, while it is true that a debtor may object to allowance of a proof of claim, once that claim is allowed, the trustee is obligated, if funds are available, to disburse to that creditor. The debtor may not continually litigate and relitigate, as she has attempted to do for a period of nearly ten years, the validity of that claim. Once claim litigation in a chapter 7 case is concluded, the debtor has no further role, and the trustee is obligated to fulfill the duties established by the Code. Moreover, the fact that

6

the debtor continues to believe that a particular debt or claim is invalid, unenforceable, or for some other reason should not be paid, has no effect upon the court's jurisdiction, the application of the Bankruptcy Code, or the trustee's obligations. The debtor's arguments at this juncture in the case are simply another collateral attack on the judgment entered against her many years ago.

Even if we were to accept the debtor's argument that the trustee's standing is somehow dependant upon the existence of unsecured claims, the mere fact that a judgment creditor, who holds a valid judgment issued by a court in another state, does not register the judgment in the bankruptcy forum does not render the claim invalid or subject to disallowance. Although Missouri law, V.A.M.S. § 551.760, and federal law, 28 U.S.C. § 1963, provide for a judgment holder to register a judgment, there is no requirement under the law that a judgment be registered in order for it to constitute a valid, allowable claim under the Bankruptcy Code. Although section 502(b) provides for disallowance of a claim if it is unenforceable, the fact that it is not registered in the forum where the bankruptcy court is located does not render it unenforceable. Rather, registering a judgment simply gives a judgment creditor more collection options in the foreign jurisdiction, including imposition of a lien in the jurisdiction.

If is also of no importance to the validity of the judgment that Rule 7069 provides for enforcement of judgment pursuant to the laws of the forum state. The enforcement provisions of Rule 7069 simply provide for methods by which a creditor may collect a judgment. The failure to register the judgment in a foreign jurisdiction does not render the judgment invalid or otherwise unenforceable within the bankruptcy context.

The bankruptcy court in this case has previously overruled the debtor's objection to the attorneys' claim so that they have an allowed claim in this chapter 7 case. Accordingly, even if the trustee's standing in this proceeding were based upon

7

the existence of a unsecured claim, such a claim exists, and, even under the debtor's theory, the trustee has standing to obtain turnover of property of the estate.

Finally, the debtor continues to assert that, since venue is improper, this Court has no jurisdiction over her case or the proceedings brought therein. The propriety of the venue in the Western District of Missouri has been litigated extensively and we need not repeat all of the debtor's arguments nor the rather obvious reasons for rejecting them. See generally In re Moss, 249 B.R. 200 (Bankr. W.D. Mo. 2000), aff'd, In re Moss, slip op. No. 00-0671-CV-W-4 (W.D. Mo. Nov. 15, 2000), appeal dismissed, No. 00-4020 (8th Cir. Feb. 6, 2001); see In re Moss, 258 B.R. 427 (Bankr. W.D. Mo. 2001). Rather, we confine ourselves to noting that venue is not jurisdictional, Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165 (1939),[8] is

---

[8]The Supreme Court's eloquence in this regard is worth repeating:

> The jurisdiction of the federal courts--their power to adjudicate--is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit--the place where judicial authority may be exercised--though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. After a period of confusing deviation it was firmly reestablished in General Inv. Co. v. Lakeshore Ry., 260 U.S. 261, 43 S. Ct. 106, 67 L. Ed. 244; and Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S. Ct. 230, 67 L. Ed. 443....All the parties may be non-residents of the district where suit is brought. Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.'
>
> Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference. The essence of the matter is that courts affix to conduct consequences as to place of suit consistent with the policy behind § 51, which is 'to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found.'

entirely waivable, see Fed. R. Civ. P. 12(b); Hoffman v. Blaski, 363 U.S. 335 (1960), and a debtor waives any defect in venue by filing the case in the forum of choice, In re Fishman, 205 B.R. 147 (Bankr. E.D. Ark. 1997); see St. Louis & S.F. Ry Co. V. McBride, 141 U.S. 127 (1891)("[I]t is obvious that the party who in the first instance appears and pleads to the merits waives any right to challenge thereafter the jurisdiction of the court on the ground that the suit has been brought in the wrong district.").

## IV.

The debtor's arguments being without merit, we affirm the bankruptcy court's conclusions as well as the exercise of jurisdiction over the adversary proceedings commenced by the trustee to avoid fraudulent transfers.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

(Citations omitted.)