# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

---

No. 01-6016 WM

---

In re:                                                    *
                                                          *
Marilyn M. Moss, a/k/a Marilyn M.                         *
Bryant, a/k/a Marilyn Margaret                            *
Bryant, a/k/a Marilyn Moss Bryant,                        *
a/k/a M. Margaret Bryant, a/k/a                           *
Marilyn Wall Bryant, a/k/a Margaret                       *
Whitman Bryant, a/k/a Margaret                            *
"Peggy" Whitman, a/k/a Margaret                           *
Whitman "Peggy" Bryant, a/k/a                             *
Margaret Bryant, a/k/a Marge Bryant,                      *
a/k/a Mari Bryant, a/k/a Mary Bryant,                     *
a/k/a Anne Bryant, a/k/a Anne Whitman,                    *
a/k/a P.M. Whitman, a/k/a Anne                            *
Margaret Whitman, a/k/a Anne M.                           *
Whitman Bryant, a/k/a Anne Margaret                       *
Whitman Bryant, a/k/a Anne Margaret                       *
Whitman Bryant Trust, a/k/a M.                            *
Whitman Bryant, a/k/a M. Margaret                         *
Whitman Bryant, a/k/a Catherine L.                        *
Whitman, a/k/a Bryant Family Trust,                       *
a/k/a Solutions, Inc., a/k/a Santa Barbara                *
Mortgage Co., Inc., a/k/a National                        *
Supply Corporation, a/k/a TCI                             *
Industries, a/k/a TCI Investments, a/k/a                  *
T.N. Ayrb Inv. Co., a/k/a Transpacific                    *
Conservancy, Inc., a/k/a M. Margaret                      *
Whitman Bryant Trust Dated April 18,                      *
1997, a/k/a M. Margaret Whitman                           *
Bryant Trust Dated May 18, 1997                           *
                                                          *
        Debtor.                                           *

Marilyn M. Moss,                       *

                                 *

        Debtor - Appellant,          *   Appeal from the United States

                                   *   Bankruptcy Court for the Western

           v.                        *   District of Missouri

                                   *

Burton & Norris; Gronemeier & Barker   *

                                   *

        Claimants - Appellees        *

Submitted: August 9, 2001
Filed: October 2, 2001

Before KRESSEL, SCHERMER and SCOTT, Bankruptcy Judges.

SCOTT, Bankruptcy Judge

## I.

In 1989, the debtor sued her employer for sexual harassment, hiring as her attorneys two law firms, Burton & Norris and Gronemeir & Barker. Several years into the litigation, the debtor fired these firms and hired another attorney. The lawsuit went to trial in Arizona, but while the jury was deliberating, the parties settled the case, with the debtor receiving three million dollars. The debtor's trial attorney received forty-five percent of that settlement, leaving the debtor with $1,650,000. Thereafter she sued her original attorneys for legal malpractice in the California Superior Court and the attorneys filed a counterclaim for their fees. An arbitration panel awarded the attorneys $600,000 plus interest, and that award was confirmed by the Superior Court, twice appealed by the debtor, and affirmed by the state appellate court. The judgment was

recorded in California pursuant to California law on September 28, 1993.[1] During the litigation in California, the debtor created numerous entities, including a trust, transferring the vast majority of her assets, including cash, automobiles, and real property, to those entities.

On August 6, 1998, the debtor filed a chapter 7 petition in the United States Bankruptcy Court for the Western District of Missouri, claiming she owned virtually no assets.[2] Apparently seeking to avoid the section 341(a) meeting, she first maneuvered a continuance. Thereafter, she requested that she be excused from the a meeting, submitting a medical statement which claimed that she could not control her bowels and intimated that she could not speak. She then reported herself dead. Ultimately, she was convicted of a bankruptcy crime relating to the filing of these false documents.[3]

In April 2000, the debtor filed a motion to amend her petition to show Arizona as her residence and requested transfer of venue to that state, asserting that the Missouri bankruptcy court no longer had jurisdiction over her chapter 7 case. The motions to transfer venue, to amend her petition and to dismiss and stay based upon improper venue were denied. Her interlocutory appeal resulted in those orders being affirmed by the district court and a subsequent appeal to the Eighth Circuit the Court of Appeals was dismissed for lack of jurisdiction.

---

[1]The debtor filed a chapter 7 case in the State of California in which the debtor apparently objected to the attorneys' proof of claim. The bankruptcy court allowed the claim, applying principles of res judicata. The chapter 7 case, later converted to chapter 11, was ultimately dismissed; the debtor did not receive a discharge.

[2]She later amended her schedules to disclose some additional information.

[3]Although she pleaded guilty, she appealed. Her conviction and sentence were upheld in a per curiam decision. United States v. Moss, 2001 U.S. App. LEXIS 16805 (8th Cir. July 26, 2001).

The debtor objected to the former attorneys' proof of claim, asserting that the claim was untimely and that the bankruptcy court for the Western District of Missouri could not enforce the California judgment. The bankruptcy court[4] overruled the debtor's objection to the proof of claim. The debtor appeals and we affirm.

## II.

During the pendency of this appeal, the debtor sought and obtained three extensions of time to file her brief. After the debtor's brief was filed, creditors sought and obtained an order permitting them to file their responsive brief out of time, by one day. The debtor moved for an order reconsidering that extension of time. In addition, the debtor has requested that this court disqualify the trustee and the trustee's attorneys from appearing or making any argument in this appeal.

The first motion objecting to the one day extension of time, under the circumstances is mean spirited and we decline to reconsider the order permitting the creditor to file its brief in this appeal. The second motion is rather more difficult because the basis for the motion is unintelligible. Indeed, upon a review of the record the court can discern no basis for debtor's concern that the trustee will interject himself into this dispute between the debtor and one of her creditors.[5] Inasmuch as this motion does not presented a justiciable issue, it is denied.

---

[4]The Honorable Jerry W. Venters, Bankruptcy Judge, United States Bankruptcy Court for the Western District of Missouri.

[5]The debtor has five appeals before the bankruptcy appellate panel and, for the ease of the court, the trustee filed a single appendix, listing each of the appeals. While this may be the source of her concern, none of the documents in the trustee's appendix concern this contested matter or its appeal.

4

III.

We review the bankruptcy court's findings of fact for clear error and its conclusions of law <u>de novo</u>.  <u>Blackwell v. Laurie</u> (<u>In re Popkin & Stern</u>), 223 F.3d 764, 765 (8th Cir. 2000).

IV.

The debtor raises numerous arguments, all of which simply highlight, despite, apparently, a law school education, her lack of understanding of the federal legal system.

A.

The debtor's primary argument appears to be that the bankruptcy court for the Western District of Missouri lacks subject matter jurisdiction because her primary creditor, purportedly the only creditor to file a proof of claim, did not register its judgment in the state of Missouri.

Jurisdiction and procedure in the federal courts is governed by title 28. Jurisdiction over bankruptcy cases, proceedings and property  is conferred by 28 U.S.C. § 1334(a), (b), and (e), and bankruptcy court authority and procedure is governed by 28 U.S.C. § 157(a), (b).  Neither the Federal Rules of Bankruptcy Procedure nor a state statute confer jurisdiction or limit the bankruptcy court's jurisdiction to hear and determine cases and proceedings.  Moreover, the validity or collectibility of a particular obligation of an individual who is a debtor under title 11 has no impact upon whether the bankruptcy court has jurisdiction over a case or a contested matter within the case. The allowability of a claim is part of the claims process and does not affect jurisdiction.

Thus, the debtor's arguments that state statutes, asserting jurisdiction over property governing collection methods, somehow deprives the bankruptcy court of jurisdiction to hear either a case or contested matter is without merit.  The fact that

5

there exist Arizona, New Mexico, Kansas or Oklahoma statutes governing how to enforce a foreign judgment does not override the federal bankruptcy scheme. Indeed, 28 U.S.C. § 1334(e) provides for <u>exclusive</u> federal jurisdiction over property of the debtor <u>wherever located</u> and property of the estate, and 11 U.S.C. § 541 defines property of the estate. To assert that a state statute preempts federal law also ignores the Supremacy Clause of the United State Constitution, and is, as the trustee asserts, a frivolous argument.

The mere fact that a judgment creditor, who holds a valid judgment issued by a court in another state, does not register the judgment in the bankruptcy forum does not render the claim invalid or subject to disallowance. Although Missouri law, V.A.M.S. § 551.760, and federal law, 28 U.S.C. § 1963, provide for a judgment holder to register a judgment, there is no requirement under the law that a judgment be registered in order for it to constitute a valid, allowable claim under the Bankruptcy Code.[6] Although section 502(b) provides for disallowance of a claim if the claim is unenforceable, the fact that it is not registered in the forum where the bankruptcy court is located does not render it unenforceable. Rather, registering a judgment simply gives a judgment creditor more collection options in the foreign jurisdiction, including imposition of a lien in the jurisdiction.

It is also of no importance to the validity of the judgment that Rule 7069 provides for enforcement of judgment pursuant to the laws of the forum state. The enforcement provisions of Rule 7069 simply provide for methods by which a creditor may collect a judgment. The failure to register the judgment in a foreign jurisdiction does not render the judgment invalid or otherwise unenforceable within the bankruptcy context. The bankruptcy court thus properly overruled the debtor's objection to the attorneys' claim.

---

[6]In any event, once the bankruptcy case is commenced, the automatic stay precludes a judgment creditor from registering the foreign judgment in any forum. 11 U.S.C. § 362(a).

B.

Second, the debtor asserts that the creditors are "not the real parties in interest" entitled to file a claim in her chapter 7 case because she did not hire the partnerships as her attorneys. The bankruptcy court was, properly, not concerned with whom she dealt in 1989 when she hired attorneys to conduct her sexual harassment lawsuit. The record discloses that the firms of Gronemeir & Barker and Burton & Norris filed a proof of claim. Since those two entities were the holders of a claim in this chapter 7 case when the chapter 7 case was filed, 11 U.S.C. § 101, those entities were entitled to, and did, file a proof of claim. The fact that a legal directory published by a private firm indicates that the members of the partnership may have changed since 1989 does not alter the partnerships' right to file a proof of claim for a debt owed to them. In any event, the record is devoid of any indication that, at trial, the debtor offered any evidence that the law partnerships were not the holders of the claim, as she now appears to assert.

C.

The debtor continues to assert that, since venue is improper, the bankruptcy court in Missouri has no jurisdiction over her case or the proceedings brought therein and that she is entitled to claim California exemptions. The propriety of the venue in the Western District of Missouri has been extensively litigated, and we need not repeat all of the debtor's arguments nor the rather obvious reasons for rejecting them.[7] See generally, In re Moss, 249 B.R. 200 (Bankr. W.D. Mo. 2000), aff'd, In re Moss, slip op. No. 00-0671-CV-W-4 (W.D. Mo. Nov. 15, 2000), appeal dismissed, No. 00-4020 (8th Cir. Feb. 6, 2001); see In re Moss, 258 B.R. 427 (Bankr. W.D. Mo. 2001). Rather, we confine ourselves to noting that venue is not jurisdictional, Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165 (1939), is entirely waivable, see Fed. R.

---

[7]In this context, the debtor has again requested that this court take judicial notice of various documents, including her Arizona driver's license (under one of her numerous aliases) and other documents. We decline to do so for the reasons stated in a related appeal, Moss v. Block (In re Moss), 2001 WL 1028362 (B.A.P. 8th Cir. September 10, 2001).

Civ. P. 12(b); <u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960), and that a debtor waives any defect in venue by filing the case in the forum of choice, <u>In re Fishman</u>, 205 B.R. 147 (Bankr. E.D. Ark. 1997); <u>see</u> <u>St. Louis & S.F. Ry Co. V. McBride</u>, 141 U.S. 127 (1891). Secondly, the bankruptcy court previously determined the issues regarding exemptions and, inasmuch as the debtor's arguments are, in essence a collateral attack on that determination which we have previously affirmed, <u>In re Moss</u>, 2001 WL 1028362 (B.A.P. 8th Cir. Sept. 10, 2001), we do not repeat the ruling here.

## D.

Finally, the debtor asserts that the proof of claim was untimely. Section 501 of the Bankruptcy Code permits a creditor to file a proof of claim and Rule 3002, Federal Rules of Bankruptcy Procedure, complements that section by establishing the time requirements for filing a proof of claim. Pursuant to Rule 3002, a nongovernmental creditor in a chapter 7 case must file a proof of claim:

> not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows: ****
>
> > (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed. R. Bankr. Pr. 3002(c)(5).

When a chapter 7 bankruptcy case is commenced, a notice to that effect is sent to all creditors. The notice explains the import of the automatic stay, gives notice of the dates for filing complaints objecting to discharge and dischargeability. and the dates for filing proofs of claim. As a general rule, however, it is assumed that the chapter 7 case is a no-asset case and, when the notice of commencement of the case

8

is issued, rather than stating a date for filing proofs of claim, the notice indicates the parties should not file a proof of claim. The procedure followed in this case was no different and the Notice of Commencement of In re Moss states: "Please Do Not File A Proof of Claim Unless You Receive a Notice to Do So." Notice of Chapter 7 Bankruptcy Case (August 7, 1998).

Rule 3002(c)(5), Federal Rules of Bankruptcy Procedure, specifically contemplates that the bankruptcy clerk may issue this notice and that the time limits of the rule do not apply if this notice is given. Only in the event that the clerk issues a notice to the creditors that there may be assets from which claims may be paid does the 90 day time limitation of Rule 3002 take effect.

In this case, the notice of the commencement of the case advised creditors not to file a proof of claim. On April 7, 2000, the clerk issued a notice of possible assets which required that proofs of claim were to be filed no later than July 6, 2000. Since the creditor filed the proof of claim on July 3, 2000, three days before the deadline, the proof of claim was timely.

Finally, we note that there is no requirement that a creditor anticipate that the trustee will request that a notice of assets be sent by the clerk request that creditors and file a proof of claim despite the notice not to do so. Indeed, that could cause administrative problems for the Court as well as the trustee. The creditors are entitled to rely upon the rules and the notices issued by the clerk.

## V.

The debtor's arguments being without merit, we affirm the bankruptcy court's decision overruling the debtor's objection to the proof of claim filed by Gronemeir & Barker and Burton & Norris.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT